36 So.2d 496

**DEPARTMENT OF INDUSTRIAL RELATIONS v. TOMLINSON.**

**I Div. 320.**

Supreme Court of Alabama.

July 31, 1948.

Aubrey M. Cates, Jr., and J. Eugene Foster, both of Montgomery, for appellant.

Grayson & Stanard, of Mobile, for appellee.

LAWSON, Justice.

■ This case, involving a claim for payments of unemployment benefits allegedly due under the unemployment compensation law of this state, Code 1940, Tit. 26, § 180 et seq., was tried in the circuit court of Mobile County, without a jury. Ex parte Miles, 248 Ala. 386, 27 So.2d 777.

The question for decision here is whether the trial court erred in awarding benefits to the plaintiff in any amount, for it was stipulated in the trial below that if plaintiff was entitled to any award it was in the amount awarded him, namely, $359.

It is the insistence of appellants that (1) the burden of proof is upon a claimant to show that he is eligible for unemployment benefits; (2) that among the conditions of eligibility is that it appear that the claimant was able to work and was available for work during the weeks for which benefits are claimed; (3) that the plaintiff in this case, Tomlinson, has not met the burden of showing that he was able to work and that he was available for work during the weeks for which he claims benefits and that, therefore, the trial court erred in awarding benefits to him.

We are not here directly concerned with the provisions of § 214, Title 26, Code of 1940, as amended, which relate to disqualifications. We are here dealing with § 213, Title 26, as amended, which relates to the eligibility of an individual for unemployment benefits.

■ We are in accord with the position taken by appellants that the burden of proof is upon plaintiff (claimant) to establish his rights to benefits under the unemployment compensation law. An unemployed individual is eligible to receive benefits only if it appears that the required conditions have been met and the burden is upon him to show that those conditions exist. The claimant assumes the risk of nonpersuasion. Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W. 2d 77; Wolpers et al. v. Unemployment Compensation Commission et al., 353 Mo. 1067, 186 S.W.2d 440; Hunter v. Miller,

148 Neb. 402, 27 N.W.2d 638; Jacobs v. Office of Unemployment Compensation and Placement, 27 Wash.2d 641, 179 P.2d 707; Loew's, Inc., v. California Employment Stabilization Comm. et al., 76 Cal.App.2d 231, 172 P.2d 938; Copeland v. Oklahoma Employment Security Comm., 197 Okl. 429, 172 P.2d 420.

Section 213, Title 26, Code 1940, as amended, provides in pertinent part as follows:

"Section 213. Benefit eligibility conditions.—An unemployed individual shall be eligible to receive benefits with respect to any week only if the director finds that—

"A. He has made a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe.

"B. He has registered for work at, and thereafter continued to report at, an unemployment office in accordance with such regulations as the director may prescribe, * * *

"C. He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work either at a locality at which he earned wages for insured work during his base period or at a locality where it may reasonably be expected that such work may be available. * * * *"

■ It is apparent from the above-quoted provisions of the law that appellants are correct in their insistence that in order for an individual to be entitled to benefits under the unemployment compensation law he must have been able to work and available for work.

■ We come now to the question of whether the plaintiff has met the burden of showing that he was physically and mentally able to perform work of a character which he was qualified to perform by past experience or training, during the weeks for which he sought benefits. We think he has met this burden. It is not here contended that the record does not show that he was mentally able to perform work of the character which he had previously performed. But the appellants do insist that he was physically incapacitated

for doing that kind of work. The only physical defects which the record discloses that Tomlinson had were weak eyes and an injured foot. While it appears that the injury to his foot was of such a character as to prevent him from doing work that required considerable walking, it does not appear that the injury would in any wise incapacitate him from working as a packer or as a shipping clerk, or for that matter, as a carpenter. He had worked in all of these fields. It does not appear that his deficiency in sight is of such a degree as to prevent him from performing the character of work which he had previously performed.

The question remains, Did the plaintiff meet the burden that was upon him to show that during the weeks for which he sought benefits he was available for work of a character which he was qualified to perform by past experience or training?

■ The unemployment compensation law is remedial in character and is therefore to be construed liberally as regards beneficiaries in order to accomplish its purpose. But what is its purpose? What economic ill does it seek to remedy? We think it clear that it was designed to ameliorate the tragic consequences of unemployment brought about by the failure of industry to furnish sufficient jobs. It was said in Ex parte Alabama Textile Products Corporation, 242 Ala. 609, 7 So.2d 303, 308, 141 A.L.R. 87, that the purpose of the act "was to insure a diligent worker against the vicissitudes of enforced unemployment not voluntarily created by the worker." Certain it is that it was not the purpose of this law to provide vacations with pay.

■ When Tomlinson became unemployed due to his refusal to work as a watchman, he contented himself with filing his claim for benefits, registering for work with the unemployment office, and reporting to that office weekly. He was entirely passive as to his status. He was waiting for work to seek him out. Although he testified that his physical infirmities were not of such a nature as to prevent him from performing some of the types of work in which he had been engaged, he did not seek a job. He called on none of his former em-

ployers, nor did he seek a job of any kind or character.

No brief was filed on behalf of appellee. Hence, we do not know what position counsel who represented him below take as to the questions raised by appellants. But it might be contended that registering for work with the employment office and thereafter reporting to that office creates a prima facie case of availability for work within the meaning of the law, and that when such acts are shown a claimant has discharged the burden of showing that he was available for work.

We cannot agree with this contention. Registration for work and reporting at an employment office in accordance with regulations is but one of several findings, among which are the further findings that claimant is able to work and that he is available for work. Hunter v. Miller, supra; Huiet v. Callaway Mills et al., 70 Ga.App. 538, 29 S.E.2d 106; Huiet v. Schwob Mfg. Co., 70 Ga.App. 226, 28 S.E.2d 184; Id., 196 Ga. 855, 27 S.E.2d 743.

A hard and fast rule as to what constitutes availability for work cannot be laid down. It depends upon the facts and circumstances of each case.

We think, however, that a claimant in order to show that he was "available for work" during the time for which he seeks benefits must at least show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform by past experience or training.

It does not appear that Tomlinson had so acted. We hold, therefore, that he did not show that he was "available for work" within the meaning of the unemployment compensation law. It follows that he was not entitled to receive any award or benefits under the law for the period here involved.

In arriving at this conclusion, we have accepted the view of the evidence most favorable to plaintiff. We recognize, of course, the well-established rule that in cases tried by the court with the witnesses before him, the judgment must have the effect of a verdict of the jury, and will not be disturbed unless the preponderance of the evidence against it is so decided as to clearly convince the court that it is wrong and unjust. Here, however, we are of the opinion the trial court took an erroneous view of the law as applied to the undisputed facts, and the above-stated rule is therefore without application. Fiquett v. Wade Electric Light & Power Co., 206 Ala. 630, 91 So. 357; Murphree v. Hanson et al., 197 Ala. 246, 72 So. 437; Esco v. Davidson, 238 Ala. 653, 193 So. 308.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.