128 So.2d 532

**ALABAMA DEPARTMENT OF INDUS-
TRIAL RELATIONS**

v.

**Clara ANDERSON.**

**8 Div. 753.**

Court of Appeals of Alabama.

March 28, 1961.

J. Eugene Foster and Richard S. Brooks, Montgomery, for appellant.

Thos. C. Pettus, Moulton, for appellee.

HARWOOD, Presiding Judge.

This is an appeal by the Director of Industrial Relations from the judgment rendered by the Circuit Court of Lawrence County in favor of Clara Anderson, the claimant for unemployment compensation.

It appears from the record that Clara Anderson had been an employee of Moulton Manufacturing Company for something over four years. She worked as a presser, pressing what is termed in the record as lapels on shirts.

On the last day of February 1958, she was laid off from work. At previous times she and other workers had been laid off temporarily when work was slack.

However, two weeks later she was told that she had been discharged for turning in false production records.

The State Employment Service Representative came to Moulton every two weeks from Decatur. Upon learning of her discharge, Clara Anderson "signed up" with him and reported she was available for work. She thereafter filed her claim for unemployment compensation with the service representative every two weeks and reported to him that she was willing to accept employment.

The claimant Clara Anderson, lived at Chalybeate Springs a community some six to

eight miles from Moulton. She went through the eight grade in school. Prior to her employment with the Moulton Manufacturing Company, she had never done any type of work other than home chores.

At the time of filing her initial claim for benefits on 8 March 1958, the statements of the claimant and of her employer as to the reasons for claimant's separation from her work were in conflict and the matter was referred to an appeals referee for a hearing. The referee disqualified the claimant for unemployment benefits because of her having been discharged for a dishonest act committed in connection with her work.

The referee's decision was appealed to the Board of Appeals, which body affirmed the decision of the referee. The Board of Appeals further disqualified the claimant under Sec. 213, subd. C, Tit. 26, Code of Alabama 1940, we presume on the grounds that the Board of Appeals did not consider the claimant to be available for work.

The claimant then perfected her appeal to the Circuit Court of Lawrence County, and that court entered a judgment in claimant's favor and found her entitled to unemployment compensation.

In the Circuit Court the facts which have been mentioned above were developed by the evidence. The contention that the claimant had been discharged for a dishonest act was abandoned in the Circuit Court, and the defense was solely upon the ground that the claimant was not available for work within the meaning of the unemployment compensation act. In fact, the brief for appellant "admits for the sake of this appeal that the claimant was an efficient worker and was not guilty of a dishonest act in connection with her work."

It further appears that Mr. Sol Begner who testified in the two hearings in the department, was no longer with the Moulton Manufacturing Company and no longer living in Moulton. It also appears that at these two hearings the claimant was not represented by counsel, and presented no witnesses other than herself. In the trial in the Circuit Court the claimant presented several of her co-workers who testified to the effect that the claimant had never turned in any false production records. The claimant herself has steadfastly denied any falsification of her records in all of the proceedings including the trial in the Circuit Court.

The record also shows that the claimant made no effort to secure employment other than reporting her availability to the service representative.

It was claimant's contention that there was only one other plant in Moulton that employed pressers, and this was an undergarment factory. Claimant stated that she did not apply there for the reason that she would have had to disclose that she was discharged from the Moulton Manufacturing Company for an alleged dishonest act. She also maintained that she heard of no jobs in or around Moulton.

Mrs. Annis Cahela, who operated an undergarment factory in Moulton testified that when anyone came to her plant seeking work she always inquired why they had left their former employment. She further testified that she employed four pressers in her plant, but that they had worked continuously in her plant since she began operating it, and there had been no vacancies for pressers during any part of 1958.

Mr. Ernest Shelton, Clerk of the Circuit Court of Lawrence County, Alabama, a witness for the claimant, testified that he had been living in and around Moulton for sixty-one years; that during the year 1958, from February on, the only kind of employment available for women in Moulton so far as he knew was in the Moulton Manufacturing Company, or in the undergarment plant; that Moulton has a population of between 1,600 and 1,700 people, with some twelve stores. These mercantile businesses, other than Elmore's which is a chain store, are family affairs, and most of their employees are connected with the families operating them or are friends of the fam-

ilies, and the availability of jobs is limited; it was Mr. Shelton's judgment that during 1958, a woman without special training and with only an eighth grade education was limited, insofar as jobs were concerned, to baby sitting and housekeeping.

 In Department of Industrial Relations v. Tomlison, [Tomlinson] 251 Ala. 144, 36 So.2d 496, 499, we find the following statements:

> "A hard and fast rule as to what constitutes availability for work cannot be laid down. It depends upon the facts and circumstances of each case.

> "We think, however, that a claimant in order to show that he was 'available for work' during the time for which he seeks benefits must at least show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform by past experience or training."

This same doctrine was followed in Department of Industrial Relations v. Wall, 34 Ala.App. 530, 41 So.2d 611; Department of Industrial Relations v. Mann, 35 Ala.App. 505, 50 So.2d 780.

 An analysis of the Tomlison, Wall, and Mann cases, supra, discloses that they arose in Mobile, Etowah, and Jefferson Counties respectively, all being counties of large populations, and varied industries, and businesses, offering varied job opportunities. As stated in the Tomlison case, supra, no hard and fast rule as to what constitutes availability for work can be laid down. Each case depends upon its own facts and circumstances. The Circuit Judge below in his decree, was of the opinion that since there was only one other plant employing pressers in Moulton, and that there were no job openings for pressers in this plant at any time in 1958, that to require the claimant to have applied at this plant for work as a presser, or to seek employment at the Moulton Manufacturing Company from which she had been discharged allegedly for a dishonest act, would be requiring the doing of a futile act.

Under the particular facts of this case, and as appears from the evidence, we cannot say that the trial court erred in finding that the claimant acted in bad faith insofar as seeking employment is concerned. She should not be considered as having detached herself from the labor market in view of all of the circumstances.

 In cases tried by the court with the witnesses before him, his judgment must have the effect of a verdict of a jury, and will not be disturbed unless the preponderance of the evidence against it is so decided as to convince this court that it is wrong and unjust. We do not believe that the evidence below would justify our disturbing the judgment entered in this case.

Affirmed.