The State appeals from a judgment of the Circuit Court of Jackson County in favor of a claimant for unemployment compensation benefits. We affirm.
Lois Batey filed claim for benefits on November 19, 1973. Her claim was denied through all the administrative process. She appealed to trial de novo in circuit court as permitted by Title 26, Section 221, Code of Alabama (1940). The administrative referee and appeals board had denied the claim upon a determination that claimant had voluntarily left her last two places of employment without good cause connected with the work. She was disqualified for compensation under Title 26, Section 214-B.
The testimony before the trial judge was that claimant had been employed by Van Heusen Company for some four years prior to October 19, 1973; due to the economy Van Heusen had cut back until claimant and other employees were working half days or less, accumulating only about 30 hours per week; claimant's pay scale was $1.60 per hour; she concluded that her pay was hardly sufficient to pay her expense of travel to a new residence some twenty miles away and pay a baby sitter; she told her foreman she was considering giving notice of quitting; he asked her to wait until Friday before taking any action; on Friday, the foreman asked her whether she *Page 586 
still intended to give two weeks notice of quitting; claimant answered, "as far as I know"; the foreman told her "you can knock off today because we don't need you anymore."
There was evidence that claimant stated to the representative of the Department that she quit her job with Van Heusen because she had moved too far away.
Subsequent to employment with Van Heusen, claimant worked for Benham Corporation for nine days. Her job was sewing flies on men's underwear. Her job with Van Heusen had been as a folder of shirts. She left her employment with Benham Corporation on November 18, 1973. She stated that the job with Benham was tedious and caused her to be nervous and was detrimental to her health. The only medical evidence presented was a statement from a physician that he had treated claimant while she was employed by Van Heusen for gastritis. The statement, dated December 18, 1973, was on a form furnished by the Department. It indicated that claimant was able to do her usual work as of November 15, 1973. Though a part of the file on claimant forwarded by the department to the court as provided by Title 26, Section 222, there is no indication that the statement was introduced in evidence at the trial de novo. The physician was not a witness at the trial.
After hearing the witnesses orally, the trial judge entered judgment finding claimant entitled to compensation in the sum of $476.00.
Department presents error contending that claimant was disqualified for compensation because she voluntarily left her employment with Van Heusen and Benham Corporation without good cause.
We have carefully examined the evidence presented to the trial judge. It is settled that the judgment entered by a judge after hearing ore tenus has the weight of a jury verdict. Such judgment will not be overturned upon appeal unless the preponderance of the evidence is so great as to convince this court that it is wrong and unjust. Ala. Dept. of Ind. Relationsv. Anderson, 41 Ala. App. 267, 128 So.2d 532.
It is the conclusion of this court that there is evidence to support a finding of fact that claimant did not voluntarily leave her employment with Van Heusen on October 19, 1973, but was, rather, dismissed because she announced that she was contemplating giving notice of quitting. The evidence was that two weeks' written notice of intention to quit was the practice at Van Heusen. Such notice was never given. She was dismissed before she could or would have given notice.
We further conclude that there is evidence to support the finding that claimant voluntarily left her employment with Benham with good cause connected with her work. She testified that the work was tedious, different from her work with Van Heusen, and that it made her highly nervous. There was no rebuttal to that testimony. The statement from the physician, if properly in evidence, did not conflict with the testimony of claimant in that respect. It did not indicate that she was under his care at the time she was employed by Benham nor at the time of her quitting. It is not the province of this court from judgment entered after oral hearing to weigh the testimony or determine its preponderance. Scott Paper Co. v. Novay CherryBarge Service, 48 Ala. App. 368, 265 So.2d 150.
We further conclude that the evidence tends to show that claimant first filed a claim for benefits on November 18, 1973. At that time she stated that she was unable to work due to her nervous condition. It was not until December 13, 1973, that she registered or reported that she *Page 587 
was able to work. Under the provisions of Title 26, Section 213 (B) and (C), an unemployed individual though not disqualified for benefits under Section 214, yet must be available for work in order to receive benefits for any week. We must therefore hold that claimant was not entitled to benefits until December 13, 1973. The judgment of the trial court was for a lump sum representing 14 weeks at $34.00 per week. One week had been paid and was not included in the judgment. This court does not have before it the necessary information to calculate the amount that the judgment below exceeded the benefits which we have found to be due. We therefore must reverse and remand the judgment below unless claimant enters remittitur for benefits prior to December 13, 1973. If such remittitur is entered of record in the Circuit Court of Jackson County, Alabama, within ten days, the judgment below is affirmed.
AFFIRMED UPON REMITTITUR.
BRADLEY and HOLMES, JJ., concur.