This is an unemployment compensation case. *Page 727 
Claimant's claim for compensation was denied by the Appeals Referee and the Board of Appeals for the Department of Industrial Relations. After trial de novo in circuit court, in which testimony was taken, the court refused to find claimant disqualified under Section 25-4-77 (3), Code of Alabama (1975) (availability for work) or Section 25-4-78 (2) (voluntary departure from work), but found her only partially disqualified under Section 25-4-78 (3)(c) (misconduct connected with work). Claimant's employer and the Department of Industrial Relations take this appeal.
Claimant, who resided in Scant City, Alabama (between Arab and Guntersville), worked at employer's plant in Huntsville. On Monday, March 28, 1977, claimant's car would not start, preventing her from driving to work or taking her two pre-school age children to the babysitter. Having no phone at her residence, she walked about a mile to the nearest phone at a store to call her supervisor. She reached the plant operator but received no answer after she was connected to her supervisor's number. She did not leave a message. On Tuesday her brother refused her request to help start the car. On Wednesday she again walked to the store and twice unsuccessfully tried to phone her supervisor, but left no messages. A co-worker lived about four miles from her but she did not contact him about notifying the supervisor. She did not contact her husband, who was working in Anniston that week, about her predicament. On Friday she was able to borrow a car and leave the children with a friend. Upon her arrival at work she was informed that her employment was terminated. Her four-day absence without notice was a violation of Company Rule 9, which states that an unexcused three-day absence without notification of employee's supervisor is considered a resignation. Claimant had been aware of this rule. She was also aware of the union grievance procedure but did not avail herself of it after her removal from the payroll.
Employer introduced evidence that someone should have been around the supervisor's phone to answer it at the times that she called. Claimant would have been able to leave messages notifying the supervisor of her absence.
It should initially be observed that the Unemployment Compensation Act is in the nature of insurance for the unemployed worker and is intended to be a remedial measure for his benefit. It should be liberally construed in claimant's favor and the disqualifications from benefits should be narrowly construed. Department of Indus. Relations v. Jaco,337 So.2d 374 (Ala.Civ.App. 1976); Holmes v. Cook, 45 Ala. App. 688,236 So.2d 352 (1970).
Where, as here, evidence has been taken orally before a trial judge, his findings are clothed with a presumption of correctness unless plainly contrary to the weight of the evidence. Department of Indus. Relations v. Rich, 42 Ala. App. 80, 152 So.2d 692 (1963).
The first issue is whether claimant's termination for violation of Company Rule 9, i.e., absenteeism without notice, constitutes voluntary departure from work without good cause under Section 25-4-78 (2), Code of Alabama (1975). Departmentof Indus. Relations v. Jaco, supra, is dispositive of this question. The position of some jurisdictions that discharge for absenteeism is tantamount to voluntarily leaving employment without good cause, noted in 58 A.L.R.3d 674, 690-95, was considered but specifically rejected. As here, the trial court correctly determined that the claimant had been discharged for misconduct connected with his work under Section 25-4-78 (3)(c) and entitled to reduced benefits.
The second issue is whether claimant failed to show that she was available for employment as required by Section 25-4-77
(3). The burden of proof is upon the claimant to establish rights to benefits. Department of Indus. Relations v.Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948).
The evidence indicated that, during her 34-week period of unemployment she unsuccessfully sought employment at two places in Arab and one in Huntsville before obtaining *Page 728 
her present employment at Westclox in Huntsville. One of the potential employers in Arab had been referred to her by the unemployment office. She did not seek employment during the first seven weeks of her unemployment because her car was still torn up.
There is no hard and fast rule as to what constitutes availability for work. It depends upon the facts and circumstances of each case. However, it is established that a claimant must at least show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform by past experience or training. Alabama Dep't of Indus. Relations v. Anderson,41 Ala. App. 267, 128 So.2d 532 (1961); Department of Indus.Relations v. Tomlinson, supra.
It is asserted that claimant's unavailability for work was indicated by her making only four employment applications during the period of unemployment. Attention should be directed to Alabama Dep't of Indus. Relations v. Anderson, supra, which illustrates that in such cases the court views all of the circumstances in determining availability. There, a claimant with limited education, living in a rural area, was held available despite her failure to make any employment applications. In the instant case the court similarly considered the totality of the circumstances and determined that the efforts made were reasonable. We cannot say that the evidence is not supportive of this conclusion.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.