WRIGHT, Presiding Judge.
This is an unemployment compensation case.
Claimant appealed to circuit court after denial of her claim for compensation by the Appeals Referee and the Board of Appeals. The court held her entitled to benefits, and appeal was taken.
The first issue is whether there is evidence to support the conclusion that claimant was not disqualified by Section 25-4-78(2), Code of Alabama (1975) for voluntarily leaving her work without good cause.
The testimony is in sharp conflict concerning the circumstances in which claimant departed from employment. Claimant had been employed by Gold Kist for three years in its poultry plant as a “craw puller,” which required her hands to be constantly wet. She developed problems with them and obtained sick leaves. Upon return from her last sick leave period in December 1976, she was assigned a “rack-out” job, placing chicken pieces in boxes and cartons. Claimant testified that she was given no training or help. On her first and second days on the job, she got behind in her work, necessitating stopping the process line. Arnold Smith, her supervisor, told her anyone brought in off the street could do a better job than she and she might as well go home. On the third day, before the line was started up for the day, she was told by Smith to go back home and that she could not do the job. She understood this to mean her employment was terminated and she left.
Testimony of Smith presented by Gold Kist denied that claimant was fired or told to go home. The rack-out job was as easy as any job in the plant. Claimant was given the same training and instructions that any new rack-out worker gets. She was never criticized or ridiculed. On the third day John Heard, the unit supervisor, told her she would only have to do part of the rack-out job that day. She refused to try it and went home. Smith did not have authority to fire employees.
The question of voluntary departure here obviously resolves itself into that of credibility of the evidence. Where evidence has been taken orally before a trial judge, his findings are clothed with a presumption of correctness unless plainly contrary to the weight of the evidence. Department of Indus. Relations v. Rich, 42 Ala.App. 80, 152 So.2d 692 (1963). The view that claimant was terminated rather than voluntarily quitting is supported by the evidence. Such departure is certainly not “voluntary” within the meaning of Section 25-4-78(2). Ventress v. Batey, 333 So.2d 584 (Ala.Civ.App.1976); Department of Indus. Relations v. McLeod, 55 Ala.App. 152, 314 So.2d 72 (1975).
The burden of proof is upon claimant to establish rights to benefits and the claimant assumes the risk of nonpersuasion. Department of Indus. Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948).
There is no hard and fast rule as to what constitutes availability for work, as it depends upon the facts and circumstances of each case. It is established that a claimant must at least show that she acted in good faith and made a reasonable effort to secure suitable employment of a character which she is qualified to perform by past experience or training. Reporting weekly to the unemployment office, even to the State Employment Office, is not sufficient *1160 in itself to establish “availability” for work. Department of Indus. Relations v. Tomlinson, supra; Department of Indus. Relations v. Smith, 360 So.2d 726, 1978; Alabama Dep’t of Indus. Relations v. Anderson, 41 Ala.App. 267, 128 So.2d 532 (1961). The fact that claimant obtained employment more than three months after leaving her job furnishes no positive evidence of her efforts in the interim.
The evidence in this case falls into the category of Department of Indus. Relations v. Tomlinson, supra, Department of Indus. Relations v. Mann, 35 Ala.App. 505, 50 So.2d 780 (1950), and Department of Indus. Relations v. Wall, 34 Ala.App. 530, 41 So.2d 611 (1949), which involved insufficient efforts beyond registration at the unemployment office. The extraordinary circumstances of Alabama Department of Indus. Relations v. Anderson, supra (limited employment opportunities in rural area) and Alabama Mills, Inc. v. Carnley, 35 Ala.App. 46, 44 So.2d 622 (1949) (newborn infant to care for) are not present here. It therefore appears that claimant failed to sustain the burden of establishing from the evidence that she was “available for work” within the meaning of the statute. Section 25-4-77(3), Code of Alabama (1975).
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.