WRIGHT, Presiding Judge.
This is an unemployment compensation case.
Claimant appealed an adverse determination by the Appeals Referee to Marshall County Circuit Court. That court reversed the decision of the referee. The State appeals.
The only issue for our determination is whether the court erred in finding that claimant was available for work as required by Section 25-4-77(3), Code of Alabama (1975).
The burden of proof is upon the claimant to establish rights to benefits and the claimant assumes the risk of nonpersuasion. Department of Indus. Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948).
There is no hard and fast rule as to what constitutes availability for work. It depends on the facts and circumstances of each case. It is established that a claimant must at least show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform by past experience or training. Department of Indus. Relations v. Smith, Ala.Civ.App., 360 So.2d 726 (1978).
Where, as here, evidence has been taken orally before a trial judge, his findings are clothed with a presumption of correctness unless plainly contrary to the weight of the evidence. State v. Thompson, Ala.Civ.App., 359 So.2d 1158 (1978); Department of Indus. Relations v. Rich, 42 Ala.App. 80, 152 So.2d 692 (1963).
The testimony of claimant was that she was available for work from the time she terminated her last employment; that she applied for jobs and was employed at the time of the hearing. There was no refutation of her testimony. A claimant is not required to prove the exact number of applications for employment made; there merely must be such evidence that the totality of the circumstances shows good faith *327 and reasonable efforts. Department of Indus. Relations v. Smith, supra. In Alabama Dep’t of Indus. Relations v. Anderson, 41 Ala.App. 267, 128 So.2d 532 (1961) claimant was held available for work despite failure to show any applications.
The evidence sufficiently supports the conclusion that claimant was available for work.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.