PER CURIAM.
This is an unemployment compensation case.
*592 The claimant appealed to the circuit court after denial of her claim for compensation by the appeals referee and the board of appeal. The circuit court held the claimant was not disqualified for benefits. The state has appealed.
The dispositive issue is whether the claimant failed to sustain the burden of establishing from the evidence that she was “available for work” within the meaning of the statute. § 25-4-77(3), Code of Ala. 1975. We find the claimant did fail to meet her burden and reverse and remand.
This court has carefully reviewed the record and the only evidence relating to the proof of “availability for work” is the fact that the claimant went to the employment office in Florence prior to leaving her employment and her statement that she needed a job and money. This evidence is insufficient to meet the burden of “available for work.” See State of Alabama, Department of Industrial Relations and Gold Kist, Inc. v. Thompson, Ala.Civ.App., 359 So.2d 1158, and cases cited therein.
In view of the above, other issues raised need not be addressed.
Appellants’ “Motion to Modify Record on Appeal” is not well taken and is denied.
REVERSED AND REMANDED.
All Judges concur.