This is an unemployment compensation case. Appeal is taken by the state from judgment for claimant by the trial court. The issue is whether after layoff from a union job, a union member is "available for work" when he registers with a district union panel and the company panel of his former employer, but refuses non-union employment for which he is qualified.
The undisputed evidence is that claimant was thirty-four years of age and had worked at various "labor" jobs. Most of *Page 314 
claimant's employment had been as a laborer in the construction industry, except for an eighteen-month period in 1974-75 when he worked at a service station. His wages at the service station were $125-$150 for a fifty-hour week with no fringe benefits. In October 1975 he accepted employment with McNally-Pittsburg as a laborer at an hourly wage of $5.25. He was laid off November 12 and received unemployment benefits until he was re-employed by McNally-Pittsburg in February 1976 as a "bolt-up" man. His wage was $6.25 an hour. He was again laid off on April 22, 1976, and began receiving benefits.
Upon his layoff, claimant placed his name upon a district panel of the United Mine Workers union. The panel is a list of unemployed union members. If the union becomes aware of job opportunities, the member who has been out of work longest is given the opportunity for employment. McNally-Pittsburg had a similar list of its laid-off employees. Claimant placed his name on that list.
In May of 1976, claimant's benefits were terminated because he was offered a job opportunity as a construction laborer with Sparks Construction Co. at $3.50 per hour, but refused it because it didn't pay enough and was non-union. He remained disqualified until July 31, 1976. He was reinstated at that time because he became "available for work" by actively seeking employment regardless of union affiliation and union wages.
The trial court found in its judgment inter alia as follows: When the claimant was laid off by McNally-Pittsburg, he placed himself on the district union panel and company panel of his former employer; he would have been eligible for any jobs which would have come open in the district or at his former employer on a seniority basis; that claimant was ready, willing and able to work from May 19 until July 31, 1976; that he acted in good faith and made a reasonable effort to secure employment of a character which he was qualified to perform by placing himself on the union and company panels; that the Sparks construction job was not suitable based on his overall past experience, training and wages he had received in the past in the construction industry. Claimant was given judgment for benefits in the amount of $990.
We reverse and find the trial court to have erred in applying the law to the facts. The testimony of claimant and the finding by the court that he only placed himself upon union and company panels in an effort to make himself available for work; the further testimony that he refused a job at Sparks Construction because it paid less than union wages and because it would result in his losing union rights, together with the evidence that he was qualified by past experience for the Sparks job as a matter of law fails to qualify claimant for benefits under §25-4-77 (3) Code of Alabama (1975). The evidence of his failure to accept the offer of a job with Sparks also disqualified claimant from benefits under § 25-4-78 (5), Code of Alabama (1975).
It is the law of this state that the burden is upon a claimant to not only establish that he is involuntarily unemployed but that he is presently available for work during the time he seeks benefits. In order to carry such burden, claimant must show continuing good faith action and reasonable effort to secure employment of a character which he is qualified by past experience or training to perform. Departmentof Industrial Relations v. Tomlinson, 251 Ala. 144,36 So.2d 496 (1948); Department of Industrial Relations v. Mann,35 Ala. App. 505, 50 So.2d 780 (1950).
Registering with his union and his former employer or even with the state employment office did not in this case constitute a good faith effort by claimant to attach himself to the labor market and make himself available for work. Merely sitting and waiting for a call from these sources, which call was contingent not upon availability of jobs, but upon whether claimant was next in line to be called, is contrary to the legal concept of a reasonable effort to obtain employment.Department of Industrial Relations v. Mann, supra. *Page 315 
To attach to acceptance of a job, even when offered, the further condition that it be union and pay union wages negates any legal conception of availability for work. Permitting a union member to refuse employment because it was non-union and acceptance would violate union rules and yet be eligible for benefits would amount to allowing union rules to determine "availability for work" rather than the provisions of the statute. Such would permit a union member to remain qualified for benefits though refusing a job, when such refusal would disqualify a non-union worker. It is well established by the case law of the various states that one who has refused employment for which he is qualified on the ground that it is "non-union" is disqualified because he is not available for work within the intent of the statute. 56 A.L.R.2d 1010. This court accepts that rule as the correct construction of the Alabama statute.
The judgment below is reversed and judgment is rendered in favor of the State of Alabama, Department of Industrial Relations.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.