This is an unemployment compensation case. The trial court found that the claimant was entitled to receive compensation for a period of thirty-nine weeks and rendered judgment for claimant in the amount of $3,510. The Department of Industrial Relations filed a motion to vacate the judgment and enter judgment for defendant on the ground that the claimant had failed to carry the burden of proving that she was available for work during the period she claimed compensation. The trial court denied the motion and the Department appeals. The issue presented is whether claimant produced evidence to show that she met the benefit eligibility condition of availability for work as required by § 25-4-77 (3), Code of Alabama (1975). We find that issue in favor of the Department and reverse the judgment of the trial court.
In brief, the facts presented were as follows: Claimant was a United States Civil Service employee of the Air Force at Craig Air Force Base at Selma, Alabama, for some fourteen months prior to January 21, 1975. Her rating was Clerk/Typist, GS-3. She had worked at various U.S. Government jobs for several years at several locations over the country. Her husband is a minister and they had traveled from place to place. Claimant had worked at jobs of higher rating, i.e., GS-5 and GS-7. Her testimony was that the volume of work placed upon her at Craig was too heavy for her. Though she sought transfer to other jobs and sought additional personnel to assist her, neither was forthcoming. She therefore resigned from her employment because of her heavy work load. This occurred at the time Craig was beginning a phase out of its operations which culminated in its closing down some two years later. There was no testimony of any effort or attempt to secure work for which she was qualified — clerk/typist — in or near the locality of her employment subsequent to her resignation.
Our courts have applied the benefits eligibility conditions specified in the statute numerous times. This court did so as recently as December 6, 1978 when we rendered our decision in the case of State of Alabama Department of Industrial Relationsv. Harbin, 365 So.2d 313 (Ala.Civ.App. 1978). We will not repeat what we said there but will say that it is dispositive of the law to be applied in this case.
We find in the record sent to us statements of the learned trial judge made by him at the time he denied the post judgment motion of the Department. We are bound to observe that from the statement, there appears a misunderstanding of the requirement of the statute that one must be available for work in order to be eligible for unemployment compensation.
"Availability" is not satisfied by the claimant being able and ready to return to the job from which she resigned if the work load is lessened to her satisfaction. "Availability" under the statute is not necessarily related at all to a readiness to return to the employment she left, but rather applies to a willingness and ability to seek and accept any employment for which she may be qualified. In this case claimant could not limit her availability even to Civil Service employment. There can be no presumption of availability under the statute because of a claimant's past work history. "Availability" to satisfy the statutory conditions for benefits, must be exemplified by continuing effort to find employment throughout the benefit period. Failure of proof of constant availability for employment for which she is qualified may require a finding of ineligibility for benefits. Claimant supplied no proof of availability during the benefit period as required by the statute. She therefore did not qualify for benefits. The judgment below should have been set aside upon the motion of the Department and judgment rendered in favor *Page 508 
of the Department. Having failed to do so, this court now does instead.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.