This is an unemployment compensation case on appeal to this court for the second time.
The record of the original trial reveals that Sybil Louise Polk (claimant) and the State of Alabama, Department of Industrial Relations (DIR) agreed to the following stipulation: "Since October of `79 til the day of the trial [claimant] actively sought employment and has not received employment."
The case proceeded on the sole issue whether claimant should be disqualified from benefits under § 25-4-78, Code (1975) for voluntarily leaving her employment without good cause. After anore tenus hearing, the trial court determined that claimant should be denied benefits. Judgment was entered to that effect on September 30, 1980, and claimant appealed to this court. Again the only issue presented by either party was the issue of "good cause." We held that the evidence did not support disqualification on that ground and the cause was reversed and remanded. Sybil Louise Polk v. State of Alabama, Department ofIndustrial Relations, 398 So.2d 722 (Ala.Civ.App. 1981).
On remand, claimant and DIR moved jointly for the trial court to enter judgment pursuant to the pleadings, the testimony of parties and witnesses taken in open court on September 30, 1980, and the ruling of this court upon the first appeal. On October 2, 1981, the trial court, without further argument or evidence from either party, entered a judgment again denying unemployment compensation to claimant. This time, however, the denial was based upon claimant's failure to meet the requirements of eligibility under § 25-4-77 (2) Code (1975). The trial court denied a motion to vacate the judgment or, in the alternative, motion for a new trial. Claimant comes before this court seeking relief by way of appeal or, alternatively, petitions for a writ of mandamus directed to the trial judge.
Initially, we note that the question whether the trial court correctly interpreted and followed our decision after remandment can be reviewed either by appeal or on a petition for mandamus. Town of Daphne v. City of Fairhope, 284 Ala. 556,226 So.2d 383 (1969).
Section 25-4-77, Code (1975) provides in pertinent part:
 An unemployed individual shall be eligible to receive benefits with respect to any week only if the director finds that:
 (1) He has made a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe.
 (2) He has registered for work at, and thereafter continued to report at, an unemployment office in accordance with such regulations as the director may prescribe; . . . .
 (3) He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is *Page 1166 
available for such work either at a locality at which he earned wages for insured work during his base period or at a locality where it may reasonably be expected that such work may be available.
A claimant bears the burden of proving that he is available for work during the time for which he seeks benefits. Quick v.Director of State of Alabama Department of IndustrialRelations, 398 So.2d 312 (Ala.Civ.App. 1981). The unemployment compensation statute, however, should be liberally construed in claimant's favor. Department of Industrial Relations v. Nix,381 So.2d 651 (Ala.Civ.App. 1980). The statute is in the nature of insurance for the unemployed worker and is intended to be a remedial measure for his benefit. Department of IndustrialRelations v. Jaco, 337 So.2d 374 (Ala.Civ.App. 1976).
The case law of this state clearly shows that the purpose of § 25-4-77 as a whole is to insure that claimants seeking benefits put forth a good faith effort to obtain work. Our supreme court, in Department of Industrial Relations v.Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948) stated as follows:
 A hard and fast rule as to what constitutes availability for work cannot be laid down. It depends upon the facts and circumstances of each case.
In Alabama Department of Industrial Relations v. Anderson,41 Ala. App. 267, 128 So.2d 532 (1961) the court followedTomlinson, supra, in holding that a person seeking unemployment benefits must show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform. See also, State Department ofIndustrial Relations v. Harbin, 365 So.2d 313 (Ala.Civ.App. 1978). In State Department of Industrial Relations v.Singleton, 364 So.2d 325 (Ala.Civ.App.), cert. denied,364 So.2d 327 (Ala. 1978), we noted that a claimant is not required to prove the exact number of employment applications made, but there merely must be such evidence that the circumstances as a whole show good faith and reasonable efforts.
In the instant case on remand, the trial court held: (1) that the requirements of § 25-4-77 (1), supra, were met by testimony that the claimant had applied for unemployment compensation; (2) that the requirements of § 25-4-77 (3) were met by virtue of the stipulation that claimant had actively sought employment; and (3) that although claimant testified she had registered at the unemployment office, she had not proved that she had continued to report thereafter. Therefore, the trial court held that claimant failed in her burden of meeting the requirements of § 25-4-77 (2).
It is clear from the record that both claimant and DIR intended that the stipulation cover the requirements of eligibility encompassed by the subsections of § 25-4-77, supra.
Claimant's compliance with that section was not raised in the first trial, the first appeal, or the subsequent trial after remandment. The wording of the stipulation does not track any specific provision of the statute. However, it clearly was deemed sufficient by both parties and the court upon original submission.
On the original appeal of this case, our opinion did not contain directions to the trial court. Only one issue was tried below or argued on appeal, and we decided that issue with a reversal. Remandment was for the purpose of allowing the trial court to compute the amount of compensation to which claimant is entitled. It was not for the trial court to, sua sponte, reconsider matters stipulated and not considered on original submission.
Having apparently failed to make our order clear on the original appeal, we do so now. We hold that claimant has met the requirements for eligibility under § 25-4-77, Code (1975) and is not disqualified under § 25-4-78, Code (1975).
This case is hereby reversed and remanded with directions to the trial court to compute the amount of unemployment compensation to which claimant is entitled and enter judgment therefor.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur. *Page 1167