This is an unemployment compensation case.
The claimant applied for unemployment compensation. The Alabama Department of Industrial Relations (Department) denied her claim, and the claimant appealed to the Circuit Court of Jefferson County. After a trial de novo, the circuit court found that the claimant was eligible to receive unemployment benefits.
The Department appeals. We affirm.
The Department's primary contention on appeal is that the claimant is ineligible for benefits because she failed to show that she was available for employment pursuant to Ala. Code (1975), § 25-4-77 (3). Under this statute the claimant is eligible for benefits only if the director of the Department finds that the claimant is "able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work. . . ."
The burden is upon the claimant for unemployment compensation to prove that he or she is available for work as required by §25-4-77 (3) during the period for which compensation is sought.Polk v. State, Department of Industrial Relations,413 So.2d 1164 (Ala.Civ.App. 1982). See State, Department of IndustrialRelations v. Singleton, 364 So.2d 325 (Ala.Civ.App.), cert.denied, 364 So.2d 327 (Ala. 1978); Department of IndustrialRelations v. Smith, 360 So.2d 726 (Ala.Civ.App.), cert. denied,360 So.2d 728 (Ala. 1978).
There is no hard and fast rule as to what constitutes "availability" for work within the meaning of § 25-4-77 (8). Each case must be judged on its own facts and circumstances.Singleton, 364 So.2d at 326; Alabama Department of IndustrialRelations v. Anderson, 41 Ala. App. 267, 128 So.2d 532
(Ala.Civ.App. 1961). This court has held, however, that the claimant "must at least show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform by past experience or training." Singleton, 364 So.2d at 326. See also Smith, 360 So.2d at 728.
The record shows that the claimant had been employed in the dry cleaning industry for approximately the last nine and one-half years. She had worked for the employer for approximately the last six and one-half years. It is undisputed that, following the termination of her job with the employer, the claimant did not apply for employment at any dry cleaning businesses in the area. She did, however, seek employment at many places of business, including hospitals, department stores, and grocery stores.
The Department contends that the claimant failed to establish that she was "available" for work within the meaning of §25-4-77 (3) because she admitted that she did not seek employment at any dry cleaning business. Because she had been employed in the dry cleaning industry for the last nine and one-half years, the Department argues that she must have applied for employment in that industry to establish that she was available "to perform work of a character which [she was] qualified to perform by past experience or training." Ala. Code (1975), § 25-4-77 (3). We disagree.
The claimant did have considerable experience in the dry cleaning business, and she testified that, when she first started to work in that business, she required training. Nevertheless, this court finds that her job as a presser at the time her employment was terminated could best be characterized as manual or unskilled labor. When she left her job with the employer, she took with her no specialized skills in the dry cleaning business. *Page 737 
Under such circumstances, we find that the claimant was not limited to seeking jobs in the dry cleaning industry in order to meet the requirement of § 25-4-77 (3) that she make herself available for work of a character which she was qualified to perform by past experience or training. We agree with the circuit court's conclusion that the claimant looked for and made herself available for work within her education and limits of ability.
This conclusion is in keeping with the well-established principle that the unemployment compensation statutes should be liberally construed in the claimant's favor. Polk, 413 So.2d at 1166.
The Department additionally presents a second basis for the claimant's ineligibility for unemployment compensation. The Department contends that the claimant is disqualified for benefits under Ala. Code (1975), § 25-4-78 (2), because she voluntarily quit her job with the employer.
Where the evidence in an unemployment compensation case is presented to the circuit court ore tenus, its findings are presumed to be correct and will not be set aside unless they are plainly contrary to the weight of the evidence. Singleton, 364 So.2d at 326; Smith, 360 So.2d at 727. Where the evidence is conflicting, it is the responsibility of the circuit court to weigh and resolve such evidence. Watkins v. Montgomery DaysInn, 455 So.2d 23 (Ala.Civ.App. 1984).
It is undisputed that the claimant voluntarily quit her job without good cause. A few days later, however, she went to the employer, apologized, and was reinstated or rehired. As to the latter, however, the evidence is in conflict.
The Department contends that the evidence shows that the claimant was not "reinstated" to her former position, but was merely rehired on a temporary basis to train or oversee new employees who had been hired in her absence. It, therefore, argues that the claimant is disqualified under § 25-4-78 (2)d. because her "most recent bona fide work" was a job which she had voluntarily quit.
The circuit court found that the claimant had been reinstated to her former position with the employer and that her employment was thus continuous until the date she left her job for medical reasons. The record clearly contains evidence to support the circuit court's conclusion. The claimant testified that, when she returned to work, she performed the same job she had performed before she quit. She further testified that she was not required to fill out employment papers as a new employee and that she was not required to train new employees.
Although there was also evidence to support the conclusion that the claimant was rehired only on a temporary basis, it was the circuit court's responsibility to weigh such conflicting evidence and reach a conclusion. See Watkins, 455 So.2d at 24. The conclusion the circuit court reached was not plainly contrary to the weight of the evidence and is, therefore, due to be affirmed.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., concurs.
BRADLEY, J., dissents.