ROBERTSON, Presiding Judge.
This is an unemployment compensation case.
Ida Canady was denied unemployment compensation benefits by the Alabama Unemployment Agency on April 23, 1992. She then appealed the denial of benefits to an appeals referee with the Alabama Department of Industrial Relations (Department). The referee held a hearing on May 15, 1992, and affirmed the denial of Canady’s benefits on May 29, 1992. Canady then filed an administrative appeal to the State Board of Appeals, which was denied on February 17, 1993. Canady then appealed to the Circuit Court of Macon County for a trial de novo. Following an ore tenus proceeding, the trial court found that Canady was not entitled to unemployment compensation benefits pursuant to § 25-4-77, Ala.Code 1975. On September 8, 1993, the trial court entered a judgment denying Canady her unemployment compensation benefits. She appeals to this court from that denial.
The sole issue on appeal is whether the trial court erred in finding that Canady was not physically and mentally able to perform work of a character which she was qualified to perform by past experience as required by § 25-4-77, Ala.Code 1975.
Ida Canady was employed by Kimberly Quality Care as a home health aide. She was employed in that capacity when she informed her supervisor, Rosemary Robinson, that she had to enter the hospital and that she would probably have to have surgery because of a neck injury. Canady had surgery on October 7, 1991. After her surgery, Canady informed Robinson that she would be out of work for approximately three to six months. At Robinson’s request, Canady called Kimberly Quality Care after her six-month recovery period and informed them that she had been “released to work.” Canady’s doctor sent a letter, at the employer’s request, informing the employer that Canady was released to go back to work, but with restrictions that she not lift over 15 pounds. The employer told Canady that it did not have *149 any work that she could do based on her limited work status. Canady then began looking for other employment and filed for unemployment compensation benefits.
We note first that a trial court’s judgment, entered in an unemployment compensation case after an ore tenus proceeding, will be overturned on appeal only if it is clearly contrary to the great weight of the evidence. State Dep’t of Corrections v. Stokes, 558 So.2d 955 (Ala.Civ.App.1990).
Section 25-4-77(a)(3) provides in pertinent part:
“(a) An unemployed individual shall be eligible to receive benefits ... only if the director finds that:
“(3) He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work either at a locality at which he earned wages for insured work during his base period or at a locality where it may reasonably be expected that such work may be available.”
In order to be eligible for unemployment benefits, the claimant has the burden of proof and must show that he was “available for work” during the time for which he seeks benefits. Polk v. Dep’t of Industrial Relations, 413 So.2d 1164 (Ala.Civ.App.1982). What constitutes availability for work depends upon the facts and circumstances of each case. Department of Industrial Relations v. Thompson, 359 So.2d 1158 (Ala.Civ.App.1978). In addition to a showing of availability, a claimant must show that he is physically able to do work for which he is qualified. § 25-4-77, Ala.Code 1975.
It is not necessary that a claimant seek employment solely in the same industry as her former employment. Heatherly v. Campbell, 485 So.2d 735 (Ala.Civ.App.1986). “Availability under the statute is not necessarily related at all to a readiness to return to the employment she left, but rather applies to a willingness and ability to seek and accept any employment for which she may be qualified.” Director of State Dep’t of Industrial Relations v. Stone, 367 So.2d 506, 507 (Ala.Civ.App.1979).
Canady testified that in the past she had been employed as a nurse’s assistant and as a store manager, and that she had done factory work and had worked in retail sales. She informed the State employment office personnel that she would do any work they had available. Canady further testified that she was able and willing to do any full-time work that did not require any heavy lifting. Canady looked for jobs for which she was qualified and that she was physically able to do, in both Tuskegee and Opelika.
Based on the record, we find that Canady was “available for work” and physically and mentally able to perform work of a character which she was qualified by past experience.
The Department correctly points out that the provisions of § 25-4-77 must be read in conjunction with the disqualifying provisions of § 25-4-78. James v. Riddle, 432 So.2d 563 (Ala.Civ.App.1983). The Department contends that, pursuant to § 25-4-78, Ala.Code 1975, Canady is disqualified from receiving unemployment compensation benefits because, it says she left her job voluntarily. However, Betty Cannon, a Kimberly Quality Care employee in charge of personnel, testified that Canady was terminated because she had not been “released to regular duty.” Based on Cannon’s testimony, we conclude that the Department’s contention that Canady was disqualified from receiving unemployment compensation benefits is not supported by the record.
After a careful .review of the record, we conclude that Canady was available for work and sought work for which she was qualified and was mentally and physically able to perform. We also conclude that Canady was terminated from her employment with Kimberly, thus, she is not disqualified from receiving unemployment compensation benefits under § 25-4-78. We therefore hold that the trial court’s judgment denying Canady unemployment compensation benefits was contrary to the great weight of the evidence, and must be reversed. The judgment of the trial court is reversed and this cause is remanded to the trial court for entry of a judgment consistent with this opinion.
*150 REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.