WRIGHT, Presiding Judge.
This is an unemployment compensation case.
Claimant was awarded compensation after appeal to circuit court. The Department appeals. The only issue is whether testimony of claimant as to a physical condition suffered from her employment is sufficient, without medical evidence, to support the finding of the court that she left her job for good cause connected with her work. We find the issue in favor of claimant and affirm the judgment of the trial court.
The testimony of claimant was that she had worked as a sewer for Good Luck Glove Co. for some three weeks when she was given a new and different material to sew into gloves. After sewing on the material for a short time, she began to itch badly and a rash came on h'er skin resembling measles. She notified her superiors of her difficulty and requested that she be given other materials to sew. She was informed there were no others. She quit her job. She had sewed gloves for several years before this occasion and was sewing gloves at the time of trial. She had never sewn the material she was given when her rash appeared. She did not go to a doctor and get a medical opinion as to the cause of her rash. She never had it again after leaving Good Luck Glove.
The Department contends medical testimony as to cause and effect between job and injury to health is necessary for a claimant to carry the burden of proof when claimant claims good cause for leaving employment. Department submits its contention is supported by our case law. We do not agree.
The cases cited and relied upon by the Department do not state that medical evidence is required to support a claim of compensation for leaving employment because of ill health connected with her work. Those cases merely comment upon the absence of testimony, medical or otherwise, to sustain claimant’s claim of good cause for leaving her employment. Department of Industrial Relations v. Estes, 45 Ala.App. 360, 231 So.2d 137 (1970). Though often medical testimony may present more satisfactory and conclusive evidence of cause and effect, we know of no case holding that such testimony is necessary to carry claimant’s burden of proving that the job caused the injury or disease. We have held even in workmen’s compensation cases that extent of disability may be established without expert medical testimony. Stewart v. Busby, 51 Ala.App. 242, 284 So.2d 269 (1973).
We have reviewed the testimony of plaintiff heard orally by the trial court, and find the judgment sufficiently supported thereby so that it does not appear to us to be wrong or unjust. It is therefore affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.