## 62743. ELIZABETH v. CALDWELL et al.

Deen, Presiding Judge.

This case came to this court following our acceptance of application for discretionary appeal. The appellant complains of a decision of the superior court affirming an appeal from an administrative decision of the Commissioner of Labor after a hearing to the effect that her unemployment benefits were to be computed under Code Ann. § 54-610 (b) for discharge attributable to employee fault. In this case, if not always, it inexplicably appears that the employee-fault discharge is to be preferred over the non-fault discharge by the employee from the standpoint of potential benefits.

The facts of the case are undisputed. On Monday, June 9, 1980, the appellant reported for work with her employer, Southern National, Inc. and was informed that she was not performing to the employer's satisfaction and was therefore being terminated as of Friday, June 13. She finished the day on Monday but on Tuesday requested this be considered her last day. She was accordingly terminated on June 10, a date set by her, rather than on June 13, a date previously set by the employer. We agree with the contentions of the appellant that her termination was involuntary as of June 13, 1980, and that her unemployment benefits should therefore be calculated under the provisions of Code Ann. § 54-610 (b). As held in Johnston v. Fla. Dept. of Commerce, 340 S2d 1229 (Fla. App. 1976), the employee has not left her employment "voluntarily without

good cause" as stated in Code § 54-610 (a) if she chooses not to work during a part or all of the period between notice of termination and the date of termination set by the employer. "If the employee is otherwise eligible for unemployment compensation benefits, his leaving work after he was given definite notice will not deprive him of those benefits during the period of involuntary unemployment." Id., p. 1230. See also Dept. of Labor & Industry v. Unemployment Compensation Board of Review, (Pa.) 3 A2d 211 (1938); McCammon v. Yellowstone Co., Inc., 607 P2d 434 (Idaho, 1980). The true cause of the claimant's leaving is indubitably the fact that she was being fired, and it can not bona fide be held that her leaving her employment under these circumstances was voluntary.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 5, 1981 —
REHEARING DENIED DECEMBER 1, 1981 —

*Kenneth G. Levin,* for appellant.
*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, John E. Bumgartner, Verley J. Spivey, Kirby G. Atkinson, Assistant Attorneys General,* for appellees.