## 63912. COBB COUNTY BOARD OF EDUCATION v. VIZCARRONDO.

DEEN, Presiding Judge.

Appellee Vizcarrondo, employed as a public school teacher by the appellant, received a letter of reprimand from that entity (the Local Board) charging him with unprofessional conduct, and filed an appeal from its placement of a copy in his file. A hearing was set for March 2 to consider the appeal. Employee submitted his written resignation on February 16 to become effective at the end of the school quarter on March 6. Appellant prepared a list of charges and appellee was given written notice on February 18 that the Local Board intended to consider them at the March 2 hearing and thereafter discharge him on March 5. Appellant then resubmitted his resignation as of February 20 and accepted a job with another employer. The Local Board rejected the resignation, held its hearing on March 2 in his absence, and reached a decision terminating his teaching contract and recommending revocation of his teaching certificate. The Local Board's list of charges included, in part, "immorality" and encouraging and counseling students and former students to violate Ga. Code § 79A-811 (L) and § 58-612.1 ". . . to possess marijuana and encouraging and counseling and assisting students to possess and/or drink alcoholic beverages." Compare *Dominy v. Mays,* 150 Ga. App. 187, 188 (257 SE2d 317) (1979). The record does not reflect whether criminal proceedings related to breach of this code section have been initiated.

Vizcarrondo appealed to the State Board of Education, which reversed the action of the Local Board in holding a hearing and attempting to terminate appellee's employment after receiving his resignation, and in attempting to revoke his teaching certificate, but sustained its actions in placing the letter of reprimand in the file and suspending the license to teach for a year because of wrongful termination of employment. This judgment was affirmed on appeal by the Superior Court of Cobb County.

We affirm. As pointed out by the State Board of Education and also by the judge of the Superior Court of Cobb County in his findings of law, the question is one of jurisdiction which is controlled by the contract between the Local Board and the appellant. The operative stipulation in the teaching contract is as follows: "Except in situations which the employer, in the reasonable exercise of its discretion, deems to be an emergency, this CONTRACT OF EMPLOYMENT shall not be terminated by the employee without the written consent of the employer. In the event that the employee does terminate this contract, whether by formal notice or by wilful

failure or refusal to continue serving without such written consent or emergency, the employer shall recommend to the State Board of Education that the certification of the employee be suspended in accordance with the policies of the State Board of Education and the rules of the Professional Practices Commission. This contract shall not be terminated by the employer except as provided for in any law of the State of Georgia presently of force . . ."

It thus appears that any termination of the contract by the employee without the consent of the employer is an illegal termination, and thus a breach of the contract. The penalty for such breach is clearly set out: It is the right and duty of the Local Board to recommend that the teacher's certification be subject to a one-year suspension; that and that alone. The employee did in fact breach the contract by his letter of resignation effective February 20, 1981, and he did in fact abandon his position as of that date. This allowed the Local Board under the terms of the contract to both prorate any salary earned to time served instead of on a 12-month basis (thus forfeiting vacation pay) and to suspend his teaching certificate for a period of a year, all of which could be done without a hearing. But it did not, after his effective resignation, have jurisdiction to conduct a disciplinary hearing or permanently revoke his certificate. Nor did it have jurisdiction to "reject" the employee's letter of resignation for the purpose of annulling his contract termination until after it held a hearing and itself discharged him. The contract language is clearly drawn from the written Policies and Executive Procedures of the Georgia Board of Education and State Superintendent of Schools (Policy GBBC) which specifies that any person who, having accepted a written offer of employment by a local board "violates the terms of such contract or agreement by abandoning his or her work assignment, without first being released . . . shall be subject to certificate suspension . . . The penalty for such breach of contract shall not exceed . . . one year."

A contract to teach school is a contract of employment like any other. A breach of that contract may subject the offender to those proper penalties (similar to liquidated damages) which the contract specifies. This state, however, although possessing a republican form of government, is governed by democratic processes, and we know of no law under which the governmental entity may force the recalcitrant employee to continue to work against his will until such time as it exercises its own prerogative of discharging him. Although the employee's actual resignation was purportedly voluntary it may be argued that the factfinder herein could have found it involuntary. *Elizabeth v. Caldwell,* 160 Ga. App. 549 (287 SE2d 590) (1981). In the latter case there was a definite date for employment termination.

Here there was to be a hearing and then *possible* employment termination by the Local Board. This opinion does not address the question of whether any local board may voluntarily elect in the future to contract with, or refrain from contracting with, this employee as a public school teacher who possesses an unrevoked, although suspended for one year, teaching certificate.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 24, 1982.

*Richard H. Still,* for appellant.
*Harris Jacobs, Robert S. Clayman,* for appellee.