This is an unemployment compensation case.
Deborah Holst voluntarily quit her job with Vulcan Materials Company on July 5, 1981. Following an administrative denial of her claim for unemployment compensation benefits, Ms. Holst appealed her claim to the Madison County Circuit Court. The circuit court, following a hearing ore tenus, entered a final judgment on February 18, 1982 finding that Ms. Holst voluntarily left her employment at Vulcan Materials Company, but that she did so "for good cause connected with her employment." The court held that Ms. Holst was entitled to receive total unemployment benefits for a period of twelve weeks, and temporary unemployment benefits for four weeks. Vulcan Materials appeals from that judgment.
The facts indicate that Ms. Holst had been employed by Vulcan Materials for approximately three and one-half years. She was initially hired as a scales clerk, weighing trucks at weigh scales and completing tickets and other weight documentation. At the time Ms. Holst began working for Vulcan Materials, there were three other employees working with her at the Huntsville facility. There were two scales in operation at that time, and Ms. Holst ran one of those scales.
In June or July of 1980 the other scales clerk was dismissed and not replaced. Another of Ms. Holst's co-workers was frequently absent from the Huntsville facility for training purposes. During December of 1980 and the following months, Ms. Holst was assigned additional duties, i.e. clerical work and dispatcher duties involving answering the phone, taking sales orders, giving directions to customers and contract haulers, and answering questions concerning the different rock products sold by Vulcan Materials. Ms. Holst testified that she was under the impression that these additional duties were to be temporary in nature, although she was never relieved of those additional duties thereafter.
In the latter part of April 1981, Ms. Holst began having trouble performing her increased duties. She testified that she began having headaches in the afternoons. She stated that she had problems sleeping at night, and that she began "drinking heavily." In addition, she became nervous and depressed. Ms. Holst's mother confirmed Ms. Holst's testimony. Ms. Holst thereafter went to her doctor, and began taking tranquilizers.
Ms. Holst also complained that she began having problems with her co-workers. She testified that she felt she was being treated differently from her two male co-workers. In addition, she received a note, addressed *Page 154 
to her at her work station, which read: "Lonesome? Like to meet new people? Like a change? Like excitement? Like a new job? Just `screw up' one more time — Management."
Ms. Holst testified that in May of 1981 she complained to her supervisor of the increased job duties assigned to her but was told that these duties would not be changed. She admitted that she had never mentioned to the management of Vulcan Materials that she was having problems with job-related stress.
In late June 1981 Ms. Holst took a one-week vacation from her job. She returned to work for a short period of time, and then voluntarily quit her job on July 5, 1981. During the time Ms. Holst worked for Vulcan Materials, the company had an established leave of absence/sick leave policy in effect. Employees were informed of this policy when they were hired. During the time Ms. Holst was having problems with her job, she did not seek to avail herself of the company's sick leave policy. Ms. Holst testified that she did not think that she could obtain sick leave for her problem. The amount of sick leave to which Ms. Holst would have been entitled at that time was never conclusively established.
Ms. Holst remained unemployed for approximately twelve weeks. She then took a part-time job at Service Merchandise, without suffering any noticeable physical or emotional problems. A few weeks later she began working full time at a plant nursery. She has apparently had no more physical or emotional problems.
The only issue here and the only issue presented to the circuit court is whether Ms. Holst was disqualified from receiving unemployment compensation benefits as provided by §25-4-78 (2), Code 1975.
Section 25-4-78, Code 1975, provides, in part, as follows:
 "An individual shall be disqualified for total or partial unemployment:
. . . .
 "(2) Voluntary departure from work. — If he has left his most recent bona fide work voluntarily without good cause connected with such work.
 "a. 1. However, he shall not be disqualified if he was forced to leave work because he was sick or disabled, notified his employer of the fact as soon as it was reasonably practicable so to do, and returned to that employer and offered himself for work as soon as he was again able to work; provided, however, this exception shall not apply if the employer had an established leave-of-absence policy covering sickness or disability and:
 "(i) The individual fails to comply with same as soon as it is reasonably practicable so to do; or
 "(ii) Upon the expiration of a leave of absence he shall fail to return to said employer and offer himself for work, if he shall then be able to work, or, if he is not then able to work, he fails to so notify his employer of that fact and request an extension of his said leave of absence as soon as it is reasonably practicable so to do."
Vulcan Materials contends that the evidence is insufficient to support the trial court's finding that Ms. Holst had voluntarily left her job "for good cause connected with her employment." Vulcan Materials further argues that since Ms. Holst did not have "good cause" to leave her job, she is disqualified under § 25-4-78 (2)(a)(1), Code 1975, because she failed to seek sick leave benefits made available to her by the company, and because she failed to notify her employer of her condition prior to leaving her job.
When an unemployment compensation claimant voluntarily quits his job and seeks to avoid disqualification under § 25-4-78
(2), the burden of showing "good cause" for leaving his job is upon the claimant. Department of Industrial Relations v. Estes,45 Ala. App. 360, 231 So.2d 137 (1970). "Good cause" for voluntarily leaving one's employment may be established by proof that the claimant is suffering from an illness that results from, is connected with, or is caused by his employment. Polk v. State, Department of Industrial Relations, *Page 155 
398 So.2d 722 (Ala.Civ.App. 1981); Ventress v. Batey, 333 So.2d 584
(Ala.Civ.App. 1976); West Point Manufacturing Co. v. Keith,35 Ala. App. 414, 47 So.2d 594 (1950). In proving that the employment caused or was connected with the claimant's illness, medical testimony is not necessary for the claimant to meet his burden of proof. State, Department of Industrial Relations v.Clark, 369 So.2d 561 (Ala.Civ.App.), cert. denied,369 So.2d 562 (Ala. 1979).
Ms. Holst testified that her illness resulted from the increased workload at her employment. She had not had the symptoms which she complained of before; it was only after the change in her job duties that she began having headaches and trouble sleeping. This testimony was corroborated by the statements of Ms. Holst's mother, and was not contradicted by her employer. The lack of medical testimony as to the cause of Ms. Holst's problems is not conclusive. In short, we find sufficient evidence that Ms. Holst's emotional or physical problems were connected with or caused by the nature of her employment.
When an unemployment compensation case is heard orally before the trial court sitting without a jury, the ore tenus rule applies. The court's findings are presumed correct and will not be reversed on appeal unless clearly contrary to the great weight of the evidence. Payne v. Director of Department ofIndustrial Relations, 405 So.2d 1322 (Ala.Civ.App.), cert.denied, 405 So.2d 1324 (Ala. 1981). A careful review of the record convinces us that the trial court's findings are not contrary to the great weight of the evidence. Accordingly, the trial court's judgment is affirmed.
In view of our holding above, we do not consider the other contention of Vulcan Materials concerning Ms. Holst's failure to comply with the established company sick leave policy or to notify her employer of her illness. When the unemployment compensation claimant has proven "good cause" for voluntarily leaving his employment, thus exempting him from disqualification under § 25-4-78 (2), the exception contained in subdivision (a)(1) of that section has no application.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.