## 65017. BROWN v. CALDWELL et al.

MCMURRAY, Presiding Judge.

This case is before us upon our grant of appellant Brown's application for discretionary appeal. Brown challenges the judgment of the superior court affirming the final decision of appellee, the Georgia Department of Labor, disqualifying him from unemployment compensation benefits under Code Ann. § 54-610 (a) (Ga. L. 1937, pp. 806, 812; 1937-1938 Extra Session, pp. 356, 362; 1941, pp. 532, 535; 1947, pp. 651, 653; 1950, pp. 38, 42; 1955, pp. 553, 556; 1956, pp. 481, 485; 1966, pp. 526, 529; 1969, pp. 249, 253; 1971, pp. 475, 483; 1972, pp. 1224, 1228-1230; 1973, pp. 729, 730; 1976, pp. 1029, 1031; 1978, pp. 1386, 1393; 1981, pp. 390, 396; 1981, pp. 413, 418; 1982, pp. 1023, 1028, effective April 13, 1982) (now OCGA § 34-8-158 (1), effective November 1, 1982).

Brown became employed by the Jefferson County Board of Education in September 1980, as a substitute teacher on an as-needed basis. He had a college education but he did not hold a

teacher's certificate. In October 1980, the principal of Wadley High School in Jefferson County offered Brown the opportunity to teach an eighth grade remedial English and reading class for the remainder of the school year. He was to work full-time, fulfilling the role of a contract teacher, but as a substitute teacher, without a contract, being paid the usual daily rate for substitute teachers. He was aware that this full-time work would not be available to him when school resumed in the fall of the next school year. His opportunity for full-time employment would thus cease as of the last day of school that year, June 2, 1981. Brown accepted the offer and he taught satisfactorily for nearly the remainder of the year.

Sometime toward the end of the school year the opportunity arose for Brown to attend a National Guard noncommissioned officer's course. He requested and received permission to leave school approximately one week early to attend the course. He left as of May 24, 1981, but he did not, however, attend the course because he was disqualified.

Brown filed an application for unemployment compensation on May 29, 1981. A claims examiner for the Employment Security Agency of the Georgia Department of Labor approved the application upon the erroneous belief that Brown "was replaced as a substitute teacher because of a National Guard obligation for Active Duty training." Brown's employer, the Jefferson County Board of Education, appealed.

After a hearing in which testimony was presented by Brown and the principal of Wadley High School, the administrative hearing officer concluded that Brown was ineligible for unemployment compensation under Code Ann. § 54-610 (a), supra, because he voluntarily quit his employment. The initial approval of Brown's application was therefore set aside. Brown appealed. The board of review adopted the administrative hearing officer's findings and affirmed the decision without opinion. Brown then appealed that final administrative decision to the superior court, and it is that court's affirmance which is at issue in the case sub judice. *Held:*

1. Subsequent to the decision of the board of review the case of *Elizabeth v. Caldwell,* 160 Ga. App. 549 (287 SE2d 590) was published and Brown relied upon it in his appeal to the superior court. In that case the claimant was given notice of her termination and she chose to leave a few days earlier than her termination date. Id. at 549. She was denied unemployment compensation on the ground that she voluntarily quit and therefore was disqualified under Code Ann. § 54-610 (a), supra. Id. at 549-550. This court reversed, holding that "[t]he true cause of the claimant's leaving is indubitably the fact that she was being fired, and it can not bona fide be held that her leaving

her employment under these circumstances was voluntary." Id. at 550.

In the case sub judice, the superior court rejected Brown's contention that the case was controlling and demanding of reversal, finding the case distinguishable. The court stated: "The distinction from the case sub judice is that in *Elizabeth* the cause of claimant's leaving was the fact that she was fired. In the case on review here, the claimant [Brown] was not fired nor was his employment terminated. Claimant could not continue to work in the same position since it became necessary to fill that position with a certified teacher. His status as a substitute teacher, however, was not terminated by his employer, the Jefferson County Board of Education."

The superior court is bound by the same standard of review as we are under Code Ann. § 54-619 (Ga. L. 1937, pp. 806, 818; 1951, pp. 512, 514; 1972, pp. 1224, 1239; 1974, pp. 101, 105; 1978, pp. 1386, 1395; 1981, pp. 390, 398) (now OCGA § 34-8-176 (b), effective November 1, 1982), that is, "the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive. . . ." Therefore, it is essential that we determine whether the superior court's conclusion that Brown's employment was not terminated by his employer is consistent with the findings of the board of review (or, more specifically, the findings of fact by the administrative hearing officer adopted by the board of review). If it is consistent with the findings of the board, the conclusion is entitled to stand if supported by any evidence because it is in the nature of a finding of fact rather than a conclusion of law. If it is contrary to the findings of the board, it is entitled to stand only if the board's contrary findings are supported by no evidence. See *Caldwell v. Charlton County Bd. of Education,* 157 Ga. App. 395 (277 SE2d 764).

We find that the conclusion is consistent with that of the board and is supported by the evidence. The principal issue involved at the hearing before the administrative hearing officer was: "Whether the claimant [Brown] voluntarily quit or was discharged." He concluded that Brown voluntarily quit, and, by negative implication that he was not discharged. We are mindful that neither the administrative hearing officer nor the board of review specifically addressed the issue whether Brown voluntarily quit *because* he was being fired, as in *Elizabeth v. Caldwell,* 160 Ga. App. 549, supra, but we do not find this to be cause to remand the case for such a determination. The implicit conclusion that Brown's employment as a substitute teacher was not terminated by his employer is amply supported by the evidence. The only dispute over the fact was Brown's assertion that he was terminated, but it is apparent from the record that he was erroneously equating the termination of his position with the

remedial class with termination of his employment as a substitute teacher. We therefore hold that the superior court was correct in distinguishing *Elizabeth v. Caldwell,* 160 Ga. App. 549, supra, on the basis that Brown was not terminated.

2. The determinative factor supporting the decision of the Department of Labor, as affirmed by the superior court, to disqualify Brown from unemployment compensation is that he voluntarily quit his employment. See Code Ann. § 54-610 (a), supra. This conclusion is also in the nature of a finding of fact rather than a conclusion of law and therefore the "any evidence" test applies. See Code Ann. § 54-619, supra; *Caldwell v. Charlton County Bd. of Education,* 157 Ga. App. 395, supra. We find that there is ample evidence in the record to support the conclusion. In fact, Brown admitted that he "quit" to attend the National Guard course which was enhancing to his military career, but not required by official orders. Thus, the evidence supports the conclusion that Brown left his employment "voluntarily without good cause," Code Ann. § 54-610 (a), supra, and therefore he is disqualified under that section. See also Code Ann. § 54-602 (Ga. L. 1937, pp. 806, 807) (now OCGA § 34-8-2, effective November 1, 1982), stating the policy behind the Employment Security Law to provide benefits to "persons unemployed through no fault of their own."

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 17, 1983 —
REHEARING DENIED MARCH 11, 1983.

*Kent E. Silver, Lisa J. Krisher, William J. Cobb, John L. Cromartie, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, John E. Bumgartner, Assistant Attorney General, Milton A. Carlton,* for appellees.