PER CURIAM.
This is an unemployment compensation case.
This is the second time the subject matter of this case has been before this court. Interested parties should refer to this court’s prior opinion. See Davis v. Pickett, 412 So.2d 1225 (Ala.Civ.App.1981), cert. quashed, 412 So.2d 1280 (Ala.1982).
In the majority opinion of Davis v. Pickett, supra, this court, in pertinent part, stated the following:
“In the present case the trial court awarded unemployment benefits to ap-pellees even though it specifically found that Black Diamond gave them ‘their lay off notices in anticipation of an industry strike.’ These two aspects of the court’s judgment are inconsistent. If appellees were indeed given their layoff notices in anticipation of a coal miners’ strike, then their unemployment would in this instance apparently be directly due to a labor dispute in active progress at the place where they were employed, i.e. Black Diamond’s washer number nine, and they should not have received any compensation benefits. If the appellees were given their layoff notices because of a lack of work, then the trial court’s judgment awarding benefits contains an implicit finding that appellees were not disqualified from receiving those benefits.
“Because of this obvious inconsistency, the aspect of the trial court’s judgment implicitly finding that appellees were not disqualified from receiving unemployment compensation benefits is erroneous and must be reversed.
“That aspect of the judgment holding that appellees Pickett, Boyd and Majors were eligible for benefits is affirmed; that aspect of the judgment holding that appellee Morse was eligible for benefits from December 1, 1977 to February 7, 1978 is reversed; and that aspect of the judgment holding that appellees were not disqualified from receiving benefits is also reversed. The cause is remanded so that the trial court can make findings of fact and conclusions of law relating to the disqualification of appellees to receive unemployment compensation benefits that will be consistent with its judgment.” (Emphasis supplied.)
412 So.2d at 1229.
This court’s opinion was issued in July of 1981. The Supreme Court of Alabama quashed the writ of certiorari in April of 1982.
The trial court in an undated order, which was filed in the circuit clerk’s office in April of 1983, stated in its entirety the following:
“The Court, being duly advised in the premises, having reviewed the record in this case, it is hereby ORDERED, ADJUDGED and DECREED, consistent with the Findings of Fact and Conclusions of Law contemporaneously herewith entered, that Plaintiffs Picket, Majors and Boyd are entitled to unemployment compensation benefits for the period December 1, 1977 to February, 1978.
“This_, day of_, 1982.”
Quite frankly, we do not understand the learned trial judge’s action. However, we call to his attention the above emphasized portion of this court’s prior opinion.
We have no alternative but to remand the latest judgment back to the trial court in order that our prior mandate be followed. Our action is taken pursuant to our general superintendence power. See Ala.Code § 12-3-11 (1975).
In view of the lengthy road this case has traveled, the trial court is directed to comply with the above within fourteen days of this order.
Therefore, this court, as indicated, considers it necessary to remand this cause to the trial court to enable that court to com *1305 ply within fourteen days with the mandate of this court as enunciated in Davis v. Pickett, supra. See Louisville & Nashville Railroad v. Atkins, 435 So.2d 1275 (Ala.1983). It is so ordered.
REMANDED WITH DIRECTIONS.
All the Judges concur.