This is an unemployment compensation case, and is before this court for a third time.
Appellees, James W. Pickett, Amos Boyd, Leodis Majors, and Johnson T. Morse, filed claims for unemployment compensation. Their claims were denied at every level of administrative proceedings before the Department of Industrial Relations (appellant) on the ground that appellees were disqualified from receiving benefits under section 25-4-78 (1), Code 1975.
Appellees appealed the administrative determination to the Circuit Court of Bibb County, Alabama. The circuit court entered its findings of fact and conclusions of law on December 28, 1978. The court's findings of fact included a finding that Black Diamond Coal Company (appellant) gave appellees their layoff notices in anticipation of an industry strike. The court nonetheless concluded that appellee Morse was entitled to unemployment compensation from December 1, 1977 until February 7, 1978, and that appellees Pickett, Boyd, and Majors were entitled to unemployment compensation from December 1, 1977 until March 31, 1978.
The department filed a motion to vacate judgment, which the circuit court denied on November 24, 1980. The department and Black Diamond filed a joint notice of appeal to this court on January 5, 1981.
This court issued its opinion on July 22, 1981 and determined Morse was not eligible to receive unemployment compensation but that Pickett, Boyd, and Majors were eligible. See Davis v.Pickett, 412 So.2d 1225 (Ala.Civ.App. 1981), cert. quashed,412 So.2d 1230 (Ala. 1982). This court further determined that the trial court's award of compensation benefits to the employees was inconsistent with its finding that the employees had been laid off "in anticipation of an industry strike." If the layoffs were due to a labor dispute in active progress, the employees were thus disqualified from receiving benefits. §25-4-78 (1), Code 1975.
This court, 437 So.2d 1303, then remanded the case so that the trial court could make findings of fact and conclusions of law that would be consistent with its judgment.
Black Diamond and the department sought review in the supreme court by way of certiorari. The writ was quashed, having been improvidently granted.
On remand to the trial court, another order was entered but not in accordance with the directive of this court. Subsequently, the trial court entered a judgment in which it found that employees Pickett, Boyd, and Majors had received their layoff notices on December 1, 1977 because of a lack of work and not because a labor dispute was in active progress at the time of the layoffs. Black Diamond and the department appeal this judgment.
The issue now is whether the trial court's judgment holding that the appellees are not disqualified from receiving compensation benefits is supported by the evidence.
Our review of an unemployment compensation case is subject to the ore tenus rule.
 "When an unemployment compensation case is heard orally before the court sitting without a jury, the court's findings are presumed correct unless shown to be clearly contrary to the great weight of the evidence."
Steele v. Carter, 390 So.2d 299 (Ala.Civ.App. 1980). Moreover, in the case of Department of Industrial Relations v. Smith,360 So.2d 726 (Ala.Civ.App. 1978), we held that:
 "[T]he Unemployment Compensation Act is in the nature of insurance for the unemployed worker and is intended to be a remedial measure for his benefit. It should be liberally construed in claimant's favor and the disqualifications from benefits should be narrowly construed."
Whether appellees are qualified to receive unemployment benefits hinges on the validity of the finding that their layoffs *Page 366 
were not directly due to a labor dispute in active progress.See § 25-4-78 (1), Code 1975. The only evidence of a labor dispute in progress on December 1, 1977 consisted of testimony that the existing industry contract would expire on December 6, 1977 and that negotiations were ongoing.
In the recent Alabama case of Ex parte Flowers, 435 So.2d 76
(Ala. 1983), the supreme court held that:
 "[T]he legislature did not intend that § 25-4-78 (1) should act to disqualify employees given layoff notices from receipt of unemployment benefits where contract negotiations are ongoing. For us to so hold would give employers involved in the negotiations over union contracts the opportunity to use their economic position as a bargaining tool during the period prior to the expiration of the contract."
The supreme court went on to say in the Flowers case that the layoffs, which were made prior to the strike, were due to a shortage of work caused by an apprehension by the employer that a strike would lead to delays in the performance of work for its customers. Hence those employees laid off prior to the strike were laid off while negotiations were in active progress and their unemployment was not directly due to a labor dispute but to a shortage of work.
Likewise, in the case at bar, there is evidence that the direct cause of the layoffs of appellees was a shortage of work at Black Diamond caused by the curtailment of strip-mining operations at Burgess Mining and Construction Company, Black Diamond's coal supplier, in anticipation of a strike when the union contract expired on December 6, 1977. The evidence shows that Burgess, in anticipation of a strike at the expiration of the contract, stopped mining operations, shipped all of the mined coal to Black Diamond, and winterized its equipment.
Black Diamond was advised by Burgess that it would not ship any more coal until the union contract negotiations were settled. Black Diamond washed all the coal it had on hand, winterized its equipment, and laid off its employees. All of this occurred prior to the expiration of the union contract and the commencement of the strike. Thus, under the Flowers court rationale, the layoffs were made while negotiations were ongoing and before the strike; therefore, appellees' unemployment was not directly due to a labor dispute.
After a careful examination of the record, we are not convinced that the trial court's finding that the appellees were laid off as a result of a lack of work and not a labor dispute is contrary to the great weight of the evidence. The trial court's judgment that the appellees were not disqualified from receiving unemployment benefits is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.