## 68086. WESTERN ELECTRIC COMPANY v. ELLISON.

DEEN, Presiding Judge.

The appellee, Fred Ellison, was employed by the appellant, West-

ern Electric Company (Western Electric), from 1969 until about October 29, 1982, last working as an installer out of Western Electric's Marietta, Georgia, office. Because of a lack of work in this area, Western Electric notified Ellison that it would be necessary to transfer him permanently to a California location. The company offered to increase Ellison's salary by about 50 cents per hour and to pay the relocation expenses; Ellison's wife, however, who also worked for Western Electric, was not offered a transfer. Noting his wife's non-transfer and the higher cost of living in California, Ellison rejected the transfer, and his employment with Western Electric terminated.

Ellison then applied for and was originally awarded unemployment compensation benefits. Western Electric requested administrative review, and the hearing officer and Board of Review rescinded the award, concluding that Ellison had voluntarily quit his job without good cause. The superior court reversed that administrative determination and reinstated benefits, concluding that the circumstances in this case did not constitute a voluntary separation without good cause. This court subsequently granted Western Electric's application for discretionary appeal. *Held*:

OCGA § 34-8-158 (1) disqualifies an individual for unemployment compensation benefits who has quit his most recent employment voluntarily and without good cause. Whether or not an employee voluntarily leaves employment is usually a question of fact, *Brown v. Caldwell*, 165 Ga. App. 743 (2) (302 SE2d 359) (1983), but whether there existed good cause for his voluntary termination more often requires a legal conclusion. The instant case concerns not so much a question whether Ellison quit his employment, as it does whether, as a matter of law, there was good cause to leave. We conclude that under the undisputed circumstances, Ellison voluntarily quit his job without good cause.

Ellison was a member of the Communication Workers of America, Local 3290, AFL-CIO (CWA). A collective bargaining agreement between CWA and Western Electric in part defined the terms of Ellison's employment with Western Electric. Paragraph 2.1 of Article 13 of that bargaining agreement provided that "[t]he Company and the Union agree that the character of installation work makes it necessary for an employee to move to and from job locations and work locations. The Company will effect such a move by a local assignment, a temporary transfer, or a permanent transfer." Western Electric's proposal for Ellison's permanent transfer to California completely accorded with the terms imposed by the bargaining agreement upon Ellison's employment.

The bargaining agreement contained no requirements that before a permanent transfer could be effected, spouses must also be transferred and the costs of living must be equal. In short, the transfer to

California may have been unpleasant, but that possibility was a term of the employment accepted and enjoyed by Ellison; and it was a term that was neither unreasonable nor unconscionable. When the unpleasant prospect became a reality, Ellison certainly had the choice of quitting instead of transferring, but that choice was his and was without good cause. Compare *Huiet v. Schwob Mfg. Co.*, 196 Ga. 855 (27 SE2d 743) (1943). The superior court thus erred in reversing the decision of the Board of Review.

*Judgment reversed. Sognier and Pope, JJ., concur. McMurray, C. J., disqualified.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 29, 1984 — 

*Lloyd Sutter, Ginger McRae, B. Lee Crawford, Jr.*, for appellant.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Susan Rutherford, Thomas H. Rogers, Jr.*, for appellee.