This is an unemployment compensation case.
Romona Henderson's application for unemployment compensation benefits was denied by the Department of Industrial Relations (DIR) for voluntarily quitting her job without good cause. Ala. Code 1975, § 25-4-78(2). An unemployment compensation appeals referee upheld the denial of Henderson's benefits, and the DIR's Board of Appeals (Board) disallowed Henderson's appeal. Henderson then appealed to the circuit court pursuant to Ala. Code 1975, § 25-4-95. Following a hearing, the trial court found that Henderson voluntarily quit her employment without good cause connected with her work, and that Henderson's failure to inquire about the store's leave policy disqualified her from receiving unemployment compensation benefits. The trial court expressed its reliance on Ala. Code 1975, § 25-4-78(2), in making its judgment. Henderson appeals.
Henderson contends on appeal that she quit her job for good cause connected with the job, and hence, that she is eligible to receive unemployment compensation benefits.
The record reveals that Henderson was employed as a part-time cashier for a supermarket for approximately two months. Henderson claims that she was pregnant when she began that employment and that on her last day of employment she was sick and hurting in her lower stomach. She claims that because of a difficult earlier pregnancy, her doctor had advised her to limit lifting. Henderson claims that she discussed her situation with the store manager, that she was aware the store had a leave policy but that she did not inquire about the store's leave policy, and that she then decided to resign from her employment.
When the trial court, sitting without a jury, receives ore tenus evidence in an unemployment compensation case, the trial court's findings are presumed correct and will not be reversed on appeal unless clearly contrary to the great weight of the evidence. Morrison v. U.S. Pipe Foundry Co., 598 So.2d 946
(Ala.Civ.App. 1992). An unemployment compensation claimant who voluntarily quits his or her job and then seeks to avoid disqualification, bears the burden of showing "good cause" for leaving the job. Vulcan Materials Co. v. Holst, 418 So.2d 152
(Ala.Civ.App. 1982). Further, "the failure to ask for sick leave adds to the burden cast upon a claimant to show that he had good cause connected with his work for leaving such employment." Department of Industrial Relations v. Estes,45 Ala. App. 360, 231 So.2d 137, 140 (1970).
Ala. Code 1975, § 25-4-78, states in part: *Page 420 
 "An individual shall be disqualified for total or partial unemployment:
". . . .
 "(2) VOLUNTARILY QUITTING WORK. — If he has left his most recent bona fide work voluntarily without good cause connected with such work.
 "a. 1. However, he shall not be disqualified if he was forced to leave work because he was sick or disabled, notified his employer of the fact as soon as it was reasonably practicable so to do, and returned to that employer and offered himself for work as soon as he was again able to work; provided, however, this exception shall not apply if the employer had an established leave-of-absence policy covering sickness or disability and:
 "(i) The individual fails to comply with same as soon as it is reasonably practicable so to do. . . ."
(Emphasis added.)
There was evidence presented that the store's leave-of-absence policy, which was posted on a bulletin board in the employees' break room, granted unpaid maternity leave in ninety-day increments, with a maximum absence of one year. Henderson admittedly did not inquire about this policy before quitting, although she stated that she had been told of the existence of a leave plan by other employees. This evidence supports the trial court's conclusion that pursuant to Ala. Code 1975, § 25-4-78(2), Henderson is ineligible for unemployment compensation benefits.
Perhaps in recognition of this, Henderson argues that she quit work for "good cause," and, therefore, she argues that Ala. Code 1975, § 25-4-78(2)a. 1., is inapplicable to her case. One is not disqualified from receiving unemployment compensation benefits for leaving a job for good cause. VulcanMaterials, supra. Henderson argues that she quit her employment because her job aggravated the pain and discomfort she was experiencing with her pregnancy. She cites several cases supporting the proposition that good cause for voluntarily quitting a job may be established by proof that the claimant is suffering from an illness which is aggravated by the employment. We find that the cases cited by Henderson are readily distinguishable from the case sub judice in that the afflictions in those cases were of a permanent nature or were directly caused by the job. Pregnancy, by its nature, is of temporary duration.
Ala. Code 1975, § 25-4-78(2)a. 4., implicitly recognizes the temporary nature of pregnancy-related absences from work, stating in pertinent part:
 "4. Nothing herein shall be construed or interpreted as authorizing the payment of benefits to any person during, or for, unemployment due to sickness or disability or during any period in which he is on a leave of absence granted in accordance with an established leave-of-absence policy . . . except, that if such leave of absence is on account of pregnancy and extends beyond the tenth week following termination of such pregnancy, the individual shall not be denied benefits under the provisions of this subdivision (2) beyond such tenth week if she has given the employer three weeks notice of her desire to return to work, is then able to work and has not refused reinstatement to a job which under the provisions of subdivision (5) of this section would be deemed suitable for her."
The evidence adduced at trial establishes that the store had a published maternity-leave policy and that Henderson did not avail herself of this policy, nor did she follow the mandate of Ala. Code 1975, § 25-4-78(2)a. 4., but chose instead to voluntarily quit her job. The trial court expressly determined that Henderson's pregnancy was not "good cause" for voluntarily quitting a job as contemplated by the statute, and the evidence supports that determination. We find the judgment of the trial court to be without error, and it is therefore affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 421