SAM A. BEATTY, Retired Justice.
Tennessee Valley Authority (“TVA”) appeals from a judgment awarding unemployment compensation benefits to Sherry A. Kimbrel. We reverse and remand.
Kimbrel was employed by TVA for approximately 16 years. On September 28, 1994, TVA notified Kimbrel that, because of a surplus of employees in her competitive level at her official work station in Muscle Shoals, she was to be transferred to an identical position in Chattanooga, Tennessee, in the same classification and at the same grade and pay. Kimbrel’s employment was governed by a collective bargaining agreement between TVA and the Salary Policy Employee Panel, which represented TVA employees (“the Articles of Agreement”). According to the Articles of Agreement, TVA could fill a vacant position in one location by directing an employee to transfer from another location at which there was a surplus of employees. In addition, under the terms and conditions of the Articles of Agreement, if the employee declined the transfer, TVA could discharge that employee. TVA gave Kimbrel three days to accept the transfer, which was to be effective October 11. On September 26, Kimbrel notified TVA that she would not accept the transfer.
On September 27, Kimbrel resigned from TVA to accept an “early-out” incentive package that had been offered by TVA to all employees. The chairman of TVA’s board of directors had announced the incentive package on August 9. The incentive was being offered, TVA says, as a part of its long-term economic plan for improving its financial position. The deadline for accepting the incentive package was October 3. The incentive package gave TVA employees who voluntarily resigned a choice of three options. Kim-brel opted to receive a lump-sum incentive payment equal to six months’ salary, which, in her case, was $21,612.50. She also qualified to receive $12,468.60 in severance pay, $820.85 in accrued annual leave, and continuation of her medical insurance for six months. Kimbrel’s resignation was effective October 16.
The incentive package application form read, in pertinent part, as follows:
“I offer to voluntarily resign from TVA employment under the Early-Out Incentive option....
[[Image here]]
“My decision to offer to resign is totally voluntary.... If this request is approved, the following benefits and conditions will apply:
[[Image here]]
“TVA will contest unemployment compensation claims.”
On November 1, Kimbrel filed a claim for unemployment compensation benefits with the Alabama Department of Industrial Relations (“the Department”). TVA contested her claim. The Department issued an initial decision holding that Kimbrel was entitled to receive benefits. TVA then appealed to the Department’s Appeals Tribunal; the Tribunal affirmed the initial decision. TVA next appealed to the Department’s Board of Appeals. After a hearing, the Board affirmed the decision of the Appeals Tribunal by a 2-1 vote. TVA then appealed to the trial court, naming Kimbrel and Dottie Cieszynski, the Department’s director (“the Director”), as defendants. In her answer, the Director contended that Kimbrel was “disqualified for receipt of unemployment compensation” and that the majority decision of the Board of Appeals was unsupported by the evidence and contrary to the law. After a hearing, the trial court concluded that Kimbrel was entitled to benefits. TVA now appeals that decision. The Director, although named as an appellee, did not file a brief with this court.
*582 TVA argues that Kimbrel is not entitled to unemployment compensation benefits because she declined a transfer required by her collective bargaining agreement, because she voluntarily resigned to accept the benefits of an “early-out” incentive package, and because she resigned for personal reasons. TVA relies on § 25-4-78(2), Ala. Code 1975, which provides that a claimant is not entitled to unemployment compensation benefits if the claimant voluntarily left his or her most recent employment without good cause. Kimbrel argues that she resigned from TVA for good cause. She contends that she could not accept the transfer to Chattanooga because she had a husband and three children in Muscle Shoals and because her husband was employed in the Muscle Shoals area. Kimbrel also contends that in order to receive the compensation provided by the early-out incentive package, she was forced to sign the statement indicating that she voluntarily resigned.
One claiming unemployment compensation benefits has the burden of proof to establish his or her eligibility for those benefits. Security Eng’rs, Inc. v. Department of Indus. Relations, 414 So.2d 975 (Ala.Civ.App.1982). Because Kimbrel voluntarily resigned from her employment, she was also required to prove that she left her employment for “good cause” in order to be entitled to benefits. Henderson v. Allen, 627 So.2d 418, 419 (Ala.Civ.App.1993). In its judgment, the trial court held that Kimbrel “did not leave the employment with Tennessee Valley Authority voluntarily without good cause connected with such work” and that she “only took the early-out incentive option due to the fact that she would otherwise be dismissed from her employment.”
We first address TVA’s argument that Kimbrel is not entitled to benefits because she declined a transfer required by her collective bargaining agreement. This court’s predecessor long ago held that an employee who is aware of and understands the contractual terms and conditions imposed on his or her employment and who voluntarily leaves that employment because of dissatisfaction with those contractual terms and conditions is acting without good cause and is disqualified from receiving benefits. See Department of Indus. Relations v. Scott, 36 Ala.App. 184, 53 So.2d 882 (1951). See also Western Elec. Co. v. Ellison, 170 Ga.App. 565, 317 S.E.2d 595 (1984). In Western Electric, the claimant was directed to transfer from his company’s Georgia facility to a California facility. The claimant’s wife also worked at the Georgia facility, but she was not transferred. The claimant resigned rather than accept the transfer as required by his collective bargaining agreement. The Georgia court held as follows:
“[T]he transfer to California may have been unpleasant, but that possibility was a term of the employment accepted and enjoyed by Ellison; and it was a term that was neither unreasonable nor unconscionable. When the unpleasant prospect became a reality, Ellison certainly had the choice of quitting instead of transferring, but that choice was his and was without good cause.”
170 Ga.App. at 566-67, 317 S.E.2d at 597. We find the reasoning of the Georgia Court of Appeals persuasive.
Here, Kimbrel was contractually bound to accept the transfer directed by TVA. If she did not, the Articles of Agreement allowed TVA to discharge her. Kimbrel chose to resign instead. General contract principles in Alabama require that one who accepts the benefits of a contract must also accept its burdens. See, e.g., Smith v. Edward M. Thompson Agency, Inc., 430 So.2d 859 (Ala.1983). We conclude that the transfer requirement did not constitute good cause for Kimbrel’s resigning from her employment.
Furthermore, Kimbrel resigned to accept the benefits of the early-out incentive package. The application form for the incentive package clearly stated in at least two places that the employee was resigning voluntarily. We cannot accept Kimbrel’s argument that she was forced to sign the statement. Kimbrel chose to accept the incentive package as an alternative to being discharged with no benefits when she declined the transfer to Chattanooga. She voluntarily accepted approximately $35,000 in benefits as *583 well. The fact that she faced an unwanted transfer did not make her acceptance of the incentive package any less voluntary. Again, Kimbrel must accept the burdens of her contractual decision along with the benefits. Smith, 430 So.2d at 862. See also Jehle-Slauson Constr. Co. v. Hood-Rich, Architects & Consulting Eng’rs, 435 So.2d 716 (Ala.1983).
Finally, we address TVA’s argument that Kimbrel is not entitled to benefits because she resigned for personal reasons. In Alabama, the law is clear that personal reasons for resigning, no matter how well justified, are a basis for denying unemployment compensation benefits. Davis v. Hoggle, 392 So.2d 1190 (Ala.Civ.App.1980), cert. denied, 392 So.2d 1194 (Ala.1981). In Department of Indus. Relations v. Curenton, 42 Ala.App. 242, 160 So.2d 14 (1964), the court reversed a decision granting benefits to a claimant who left her employment to move with her family to her husband’s new place of employment:
“An employee who leaves her work voluntarily has the burden of proving good cause connected with her work.
“Where a wife leaves her employment to reside with her husband in another locality than that of .her employment, her leaving is for a ‘personal reason’ and she is not entitled to unemployment benefits — as she left voluntarily without good cause connected with her work.”
42 Ala.App. at 245, 160 So.2d at 17. The principles stated in Curenton apply here. Kimbrel chose to resign from TVA rather than transfer to Chattanooga, because she wanted to remain with her family in Muscle Shoals. Although we understand Kimbrel’s choice, her reasons for leaving her employment were personal in nature and do not satisfy the “good cause” requirement imposed by Alabama law.
Kimbrel is not entitled to unemployment compensation benefits, because she voluntarily left her employment with TVA without good cause. The judgment is hereby reversed, and the cause is remanded with instructions to enter a judgment reversing the decision of the Department’s Board of Appeals and denying Kimbrel’s claim for unemployment compensation benefits.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.