775 So.2d 837 (2000)
Susan Annette TOLIN
v.
DIRECTOR, DEPARTMENT OF INDUSTRIAL RELATIONS, and Crowne Investments, Inc.
2980673.
Court of Civil Appeals of Alabama.
March 17, 2000.
*838 Mary Jane Oakley and Rita Kay Lett of Legal Services Corporation of Alabama, Monroeville, for appellant.
Frank D. Marsh, general counsel, and Glenn Chaffin, asst. general counsel, Department of Industrial Relations, for appellees.

On Application for Rehearing
YATES, Judge.
The opinion of December 3, 1999, is withdrawn, and the following is substituted therefor.
Susan Annette Tolin filed a claim for unemployment-compensation benefits with the Department of Industrial Relations. A Department examiner denied her claim on the grounds that Tolin had voluntarily quit her job without good cause. See § 25-4-78(2), Ala.Code 1975. Tolin requested a hearing before a Department appeals referee; following that hearing, the appeals referee affirmed the examiner's finding that Tolin had voluntarily quit. Tolin filed an application to appeal to the Department Board of Appeals, which denied the appeal request. She then sued in the circuit court. Following ore tenus proceedings, the trial court denied her claim for unemployment-compensation benefits. Tolin appeals, arguing that the evidence does not support the trial court's judgment.
Tolin was hired in May 1997 as a licensed practical nurse at Evergreen Nursing Home. In October 1997, Tolin asked her supervisor to reduce her hours to part-time, in order to accommodate her school schedule. The supervisor testified that she allowed Tolin to go to part-time employment. *839 While Tolin was working part-time, the nursing home had to hire more employees to care for the patients. Later, Tolin asked to return to work on full-time status. The supervisor testified that in March 1998 she had told Tolin that she had enough full-time employees and that Tolin could work on an "as needed" basis to cover for vacation time or sick time of full-time employees.
Tolin contends that the evidence is undisputed that she did not voluntarily quit her job, because both she and her supervisor testified that she was dismissed because the nursing home had enough full-time nurses. However, Tolin had, six months earlier, voluntarily chosen to reduce her hours and become a part-time employee in order to accommodate her school schedule. The nursing supervisor testified that Tolin would be used on an "as-needed" basis because of the recent hirings and that the amount of hours would be basically the same as part-time work.
Section 25-4-78(2), Ala.Code 1975, provides that a person is disqualified from receiving unemployment-compensation benefits if he "has left his most recent bona fide work voluntarily without good cause connected with such work." Section 25-4-78(2)d. provides that "the director in determining the most recent bona fide work should consider the duration of the most recent job," "the intent of the [worker] and his employer as to the permanence of [that] work," and "whether separation from the immediately preceding employment was under conditions that would be disqualifying."
An employment-compensation claimant who voluntarily leaves her job and then seeks to avoid disqualification bears the burden of showing that she left her job for "good cause" not connected with her work. Henderson v. Allen, 627 So.2d 418 (Ala.Civ.App.1993) (claimant's pregnancy not good cause for voluntarily quitting job where employer had posted leave policy and claimant did not avail herself of the policy). An employee seeking unemployment-compensation benefits after voluntarily quitting for "good cause" must terminate employment for a reasonable cause, one that is material and substantial under the circumstances. Carlisle v. Director, Dep't of Indus. Relations, 494 So.2d 437 (Ala.Civ.App.1986) (part-time employee not entitled to unemployment compensation, where she knew hours would vary as part-time employee, when hours are reduced.) Personal reasons, no matter how well justified, are a basis for denying unemployment compensation benefits. Tennessee Valley Auth. v. Kimbrel, 681 So.2d 580 (Ala.Civ.App.1996) (employee resignation not voluntary where employee resigned rather than accept out-of-state transfer).
The trial court's findings of fact in an unemployment-compensation case are presumed to be correct, and its judgment based on such findings will not be reversed unless the findings are clearly contrary to the great weight of the evidence. Department of Indus. Relations v. Pickett, 448 So.2d 364 (Ala.Civ.App.1983). Clearly, the trial court determined, based on Tolin's request for a reduction of hours, that she had voluntarily quit her job and that she was, therefore, disqualified from receiving unemployment compensation under § 25-4-78(2).
The judgment of the trial court is affirmed.
OPINION OF DECEMBER 3, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED AND 39(k) MOTION DENIED; AFFIRMED.
ROBERTSON, P.J., and THOMPSON, J., concur.
MONROE and CRAWLEY, JJ., dissent.
CRAWLEY, Judge, dissenting.
The Unemployment Compensation Act provides benefits "in the nature of insurance for the unemployed worker." The *840 Act "is intended to be a remedial measure for his benefit" and, therefore, "should be liberally construed in favor of the claimant and the disqualifications from benefits should be narrowly construed." Department of Indus. Relations v. Jaco, 337 So.2d 374, 376 (Ala.Civ.App.1976). To treat the claimant's request to reduce her hours to part-time, six months before she was dismissed, as a voluntary quitting is at direct odds with the concept of narrowly construing disqualifications from unemployment-compensation benefits.
The claimant's supervisor testified that she allowed the claimant to go to part-time employment, but that the claimant did not request full-time employment again until March 1998, which was the same month in which she terminated the claimant's employment. The supervisor testified that she told the claimant that she had enough full-time nurses and that she did not need the claimant on a part-time basis.
I conclude that the evidence is undisputed that the claimant did not voluntarily quit. Both the claimant and the supervisor testified that the supervisor dismissed the claimant because the nursing home had enough full-time nurses. I would reverse the judgment of the trial court; therefore, I dissent.
MONROE, J., concurs.