BRYAN, Judge,
dissenting.
I must respectfully dissent because I disagree with the main opinion’s interpretation of § 25-4-78(2)a.l.(i) and (ii), Ala. Code 1975. As I interpret the statute, § 25 — 4—78(2)a.l. (i) provides that an individual is qualified to receive unemployment-compensation benefits if his or her employer had an established leave-of-absence policy covering sickness or disability and the individual complied with the employer’s established leave-of-absence policy as soon as it was reasonably practicable so to do.
In this case, the trial court received disputed ore tenus evidence regarding McKibbon’s leave-of-absence policy. Amy Flowers testified that McKibbon’s leave-of-absence policy requires any employee applying for a leave of absence to have his or her primary-care physician complete a certain form as a prerequisite to the leave of absence being granted and that Campbell had failed to do so. Flowers also testified that she had informed Campbell of this requirement during the telephone conversation during which Campbell had requested a leave of absence; conversely, Campbell testified that no person employed with McKibbon had informed her of this requirement and that she “didn’t even know there was forms [she] had to fill out.” Additionally, the only documentary evidence received by the trial court was McKibbon’s “benefits summary sheet[s].” Those documents contain no language indicating that McKibbon’s employees are required to have a form completed by a physician in order to become eligible for family medical leave; rather, those documents simply state that an employee who has completed 1 year of consecutive service then becomes eligible for a maximum of 12 weeks of “unpaid, job protected [family medical] leave” for, among other reasons, “non-work related serious health conditions.”
Applying the ore tenus presumption of correctness to the trial court’s findings, I cannot conclude that the trial court’s determination that Campbell had complied with McKibbon’s established leave-of-absence policy was clearly contrary to the great weight of the evidence. See Tolin v. Director, Dep’t of Indus. Relations, 775 So.2d 837, 839 (Ala.Civ.App.2000) (citing Department of Indus. Relations v. Pickett, 448 So.2d 364 (Ala.Civ.App.1983)) (“The trial court’s findings of fact in an unemployment-compensation case are presumed to be correct, and its judgment based on *554 such findings will not be reversed unless the findings are clearly contrary to the great weight of the evidence.”). Therefore, DIR has failed to present an argument upon which we may reverse the trial court’s judgment. I may have reached a different conclusion had I been the trier of fact in this case; nonetheless, based on the rationale stated above, I must conclude that the trial court’s judgment is due to be affirmed.